UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MELNITZKY,

*Plaintiff,*

–against–

PAT JONES and JONES AND HORAN AUCTION TEAM, INC. sued herein as JONES AND HORAN,

*Defendants.*

07-CV-07380 (JGK)

**PLEASE TAKE NOTICE** that the undersigned appears for the defendants herein and demands service upon her of all papers filed in the action.

Dated:  New York, NY
November 14, 2007

_____
Michele Hauser (MH 6531)
270 Madison Avenue–13th Floor
New York, NY 10016
(212) 688-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MELNITZKY,<br>        *Plaintiff*,<br><br>–against–<br><br>PAT JONES and JONES AND HORAN AUCTION TEAM, INC., sued herein as JONES AND HORAN,<br>        *Defendants*. | 07-CV-07380 (JGK) |

**NOTICE OF MOTION
FOR ORDER DISMISSING COMPLAINT WITH PREJUDICE
AND IMPOSING INJUNCTION AGAINST FUTURE LITIGATION**

PLEASE TAKE NOTICE that, upon the annexed Affidavit of Michele Hauser sworn to the 30th day of November 2007, the accompanying memorandum of law, the complaint and all proceedings previously had herein, the undersigned will move before the Honorable John Koeltl, at the courthouse located at 500 Pearl Street, New York, New York, at 2:30 P.M. on the 11th day of January 2008 or as soon thereafter as counsel can be heard, for an Order dismissing the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and for an order imposing an injunction against future litigation against these defendants absent court order.

Dated:  New York, NY
     November 30, 2007

            Yours, etc.,
            _____
            MICHELE HAUSER (MH 6531)
            *Attorney for Defendants*
            270 Madison Avenue–13th Floor
            New York, NY 10016
            (212) 688-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MELNITZKY,

*Plaintiff,*

–against–

PAT JONES and JONES AND HORAN AUCTION TEAM, INC., sued herein as JONES AND HORAN,

*Defendants.*

07-CV-07380 (JGK)

---

### AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND ENTER INJUNCTION AGAINST FUTURE LITIGATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK   ) ss.:

MICHELE HAUSER, being duly sworn, deposes and says:

1. I am the attorney for the defendants herein. I make this affidavit in support of the annexed motion to dismiss the complaint and for additional relief, specifically an Order enjoining the plaintiff from commencing further litigation against these defendants arising out of or in connection with his matrimonial action and the division and distribution of assets in connection therewith. I have knowledge of the facts set forth.

2. This court may certainly take judicial notice of prior court decisions and if it does it will observe that the instant action is the third action commenced in this federal court in the space of a year and, like the two actions before it, it seeks relief against an auction house engaged by the plaintiff's ex-wife's attorney to conduct a sale of assets deemed marital property subject to distribution; the only real difference is that this time the principal of the corporate

defendant is also named as a defendant and other defendants previously sued have been omitted. From the complaint it appears that this action is really an attempt to recapture the previously dismissed complaints against at least the corporate defendant on the theory that diversity of citizenship justifies maintenance of the action in this court.

3. From the many reported decisions of New York Supreme Court and its Appellate Division as well as the two previous decisions of this court, it is evident that the defendants sued here have almost no connection to the plaintiff at all; indeed, it is perfectly clear that the defendants' sole connection with the plaintiff is that, years after the order directing equitable distribution was issued, defendants had the questionable fortune of being selected to conduct the auction.

4. As set forth in the accompanying memorandum of law, the action is barred by operation of *res judicata*, collateral estoppel and *Rooker-Feldman*, and there is no substantive merit to the claims in any event or any basis for concluding that the state law claims, assuming any of them survive dismissal of two prior federal actions based on the same allegations and a raft of prior state court actions based on the same or similar allegations, meet the jurisdictional threshold. Nor is there any other basis for this court to give ear to plaintiff's claims in the face of a state court injunction, issued just months before the first federal action was commenced, that finally issued barring additional litigation over these very issues.

5. In addition to the good and valid reasons this court should dismiss the complaint with prejudice, there are good and valid reasons for it to fashion and impose an injunction that will prevent further litigation over these issues against these defendants. As set forth in the accompanying memorandum of law and as is evident from the complaint itself as well as numerous prior published decisions, an award of sanctions will simply not be sufficient to

protect the defendants from harassing litigation. First, the plaintiff is not represented by counsel (so the restraint of counsel is not a deterrant) and nearly 10 years elapsed between the date Supreme Court issued its equitable distribution order and the date when the property subjected to that order was finally put up for auction in order to effectuate the order. Second, although plaintiff devotes considerable passion to recalling the great sentimental value he attached to the property subjected to auction, there is not the slightest indication that he made any effort to satisfy the equitable distribution order other than through its sale, which suggests that the plaintiff had no intention of obeying the equitable distribution order in the first place and making payment in accordance with it. There is thus no likelihood that the defendants would be able to collect any award of sanctions without at the very least incurring years of costly and acrimonious litigation. Absent an injunction, there is simply nothing to prevent the plaintiff from subjecting these defendants to years of counsel fees to defend meritless actions.

6. Accordingly, in view of the fact that it appears the complaint fails to state a claim upon which relief can be granted and is barred by *res judicata* as well as other legal doctrines, the court should dismiss the complaint with prejudice and enter an appropriately circumscribed order to prevent future litigation over the same issues.

                                                  Michele Hauser (MH 6531)
                                                  *Attorney for Defendants*

Sworn to before me this 30th
day of November 2007

_____
      Notary Public

Arthur G. Levy
Notary Public - State of New York
No. 02LE6168381
Qualified in Kings County
My Commission Expires 6/11/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MELNITZKY,<br><br>                              *Plaintiff*,<br><br>--against--<br><br>PAT JONES and JONES AND HORAN AUCTION TEAM, INC., sued herein as JONES AND HORAN,<br>                              *Defendants.* | 07-CV-07380 (JGK) |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANTS JONES AND JONES AND HORAN
FOR DISMISSAL AND INJUNCTION AGAINST FUTURE LITIGATION**

---

 

MICHELE HAUSER
*ATTORNEY FOR DEFENDANTS*
270 MADISON AVENUE
13TH FLOOR
NEW YORK, NY 10016
(212) 688-6400

Defendants Pat Jones and the Jones and Horan Auction Team, Inc. (sued herein as "Jones and Horan Gallery") submit this Memorandum of Law in support of the accompanying motion to dismiss the complaint pursuant to Fed. R.Civ. P. 26(b)(1) and (6) and to enjoin the plaintiff from filing additional suits against these defendants based upon the transfer and sale of personal property taken from his safe deposit boxes pursuant to the Orders of the Supreme Court, New York County.

## RELEVANT FACTS AND SUBJECT MATTER JURISDICTION

The complaint in this action is the third complaint plaintiff Michael Melnitzky (hereinafter referred to as "plaintiff" or "Melnitzky") has filed in this court on the same set of facts. The new complaint, like its predecessors, invokes the jurisdiction of this Court pursuant to Title 42 U.S.C. §§1983 and 1985 but unlike its predecessors also invokes diversity jurisdiction. Briefly stated, Melnitzky seeks damages and equitable relief upon the theory that certain nonmarital assets, most particularly a trove of antique watches, were illegally transported to New Hampshire for sale by auction so that the proceeds could be divided between plaintiff and his former wife, Elizabeth Besobrasow ("Besobrasow"), as part of her equitable distribution in a matrimonial action. The matrimonial action, now in its second decade, has been an exceedingly acrimonious one, spawning an immense amount of litigation over assets in the Supreme Court of the State of New York, at the trial and appellate levels.

At bottom, Melnitzky's grievance is that, in or around 1998, the Supreme Court determined, following trial, that Melnitzky had secreted assets held in safe deposit boxes from Besobrasow and rejected Melnitzky's proof that the watches and other items were his separate, nonmarital, property and hence not subject to equitable distribution. Although Supreme Court originally gave Melnitzky an opportunity to present additional evidence on the matter and

Melnitzky had in fact presented it, Supreme Court nonetheless decided to adhere to its original decision without reviewing the additional evidence.[1] The boxes were opened and the personal property inventoried for placement with Christie's, a New York auction house, which was to conduct the sale. In connection with that arrangement, Supreme Court had authorized Besobrasow and her attorney to enter the boxes forcibly for purposes of conducting the inventory. Melnitzky was denied presence except through a representative.

However, Besobrasow and her attorney represented to Supreme Court that Melnitzky had so interfered with the sale that Christie's refused to conduct the auction. In response, without holding an evidentiary hearing, Supreme Court authorized Besobrasow and her attorney to place the property with a different auction house and to keep its name secret from Melnitzky so that there would be no further interference. This latter order issued on June 7, 2006. Besobrasow and her attorney then found a new auction house, which received the contents of the boxes and conducted an auction. That auction house and its principal are the sole defendants here, and plaintiff essentially claims they colluded with Besobrasow and her attorney and acted as a "fence," in violation of plaintiff's civil rights.

As noted, Melnitzky challenged the original equitable distribution order on direct appeal but was unsuccessful. In additional suits commenced in state court, Melnitzky alleged that the entries into the safe deposit boxes had resulted in the conversion of his property. These claims were rejected as time-barred and precluded either by collateral estoppel or *res judicata*. Finally, the Appellate Division enjoined Melnitzky from commencing without leave of court any

---

[1] Plaintiff appealed from this Order as well as every other adverse order but was not successful.

2

further suit arising from or related to the matrimonial action, specifically including any suit grounded in the ownership of property or its distribution in connection with the matrimonial action.

Having obtained no relief in Supreme Court and in any event having been virtually enjoined from further litigation there challenging the equitable distribution order and the manner in which the assets had been allocated, Melnitzky commenced what turned out to be the first of several cases in federal court. Specifically, he sued all the parties in what he considered the chain of custody of the watches and other personalty, specifically the banks where they had been held, his ex-wife's attorney, the various justices of the Supreme Court, New York County and the Appellate Division who had issued and upheld the offending orders, and, most importantly, the new auction house that Besobrasow and her attorney selected in reliance upon the June 7, 2006 order. The first of these cases, *Melnitzky v. LoPreto*, 06-CV-13206, *see* 2006 U.S. Dist. LEXIS 87842 (December 4, 2006) ("*Melnitzky I*"), insofar as relevant here, set forth causes of action grounded in 42 U.S.C. §§1983 and 1985 as well as state law claims against the "John Doe Auction Gallery," which Judge Stein understood as, and which plaintiff candidly acknowledges, is the entity now sued as Jones and Horan Gallery.[2] Judge Stein not only dismissed the complaint in its entirety but also dismissed it with prejudice.

Melnitzky filed a notice of appeal. However, he had already filed a second action against the same defendants, plus some additional defendants, including the auctioneer selected

---

[2] The complaint and the motion for preliminary injunctive relief filed in this action both candidly acknowledge that at the time of the commencement of the previous federal suits plaintiff did not know the identity of the auction house but that he subsequently determined it was the corporate defendant named here.

3

after entry of the June 7, 2006 order and named in the caption as "John Doe Secret Auction Gallery." That action, *Melnitzky v. HSBC Bank USA et al.*, 06-CV-13526 (hereinafter, "*Melnitzky II*"), was dismissed by Order of this Court dated January 16, 2007. In dismissing it, this Court noted that Judge Stein had previously dismissed virtually the same claims, including the claims against the gallery, and directed that plaintiff could not amend his complaint without seeking leave pursuant to Fed. R. Civ. P. 15(a). Melnitzky filed a second notice of appeal.

Thereafter, however, Melnitzky discovered the name of the auction house where the watches had been placed following the June 7, 2006 order. Rather than seek to amend the complaint in *Melnitzky II* a second time, he initiated this action. The complaint makes virtually the same claims as those set forth in *Melnitzky I* and *Melnitzky II*, but the only defendants are the auction house and its principal. Insofar as these defendants are concerned, as noted, the only material difference between this action and the two that preceded it is that plaintiff apparently relies on diversity as well as federal question jurisdiction, pointing out that both Jones and Jones and Horan are domiciled in the State of New Hampshire, while the plaintiff is domiciled in New York City. *See* Complaint at 3, 7.

As with the previous suits, in the new action plaintiff contends that the defendants interfered with his property rights to the contents of the safe deposit boxes and denied him a full and fair opportunity to litigate his claims that the contents of the boxes were exclusively his and not subject to equitable distribution. Once again, plaintiff relies on 42 U.S.C. §§ 1983 and 1985(3) as well as the 14th Amendment of the United States Constitution. State law claims sounding in conversion, fraud and conspiracy are also alleged.

# ARGUMENT

## *Point I*
## PLAINTIFF'S FEDERAL CLAIMS AGAINST THESE DEFENDANTS ARE BARRED BY *RES JUDICATA*; THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE

The federal claims against the individual and corporate defendants must be dismissed on the principles of *res judicata* and collateral estoppel. The corporate defendant was previously subjected to the same claims in *Melnitzky I* and *Melnitzky II*. The fact that the plaintiff has now identified the name of the auction house previously sued, in *Melnitzky I*, as John Doe Auction Gallery and, in *Melnitzky II*, as John Doe Secret Auction Gallery does not mean he can relitigate claims previously resolved against him.

It is well settled that an adjudication on the merits by a Court of competent jurisdiction operates as a bar to further litigation between the same parties on the same issues. Although technically the defense is asserted in an answer to the complaint, it is properly raised by motion to dismiss for failure to state a claim when the court's own records, of which it may take judicial notice, disclose the relevant facts. *Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992), *cert. den.* 506 U.S. 821, 113 S. Ct. 71, 121 L. Ed.2d 37 (199-); *Ramirez v. Brooklyn Aids Task Force*, 175 F.R.D. 423 (E.D.N.Y. 1997).

As this Court has previously recognized, "[f]ederal law governs the preclusive effect of a federal judgment," *Melnitzky II* at 7 (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 [2d Cir. 2002]). Thus, "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." *Melnitzky II* at 7 (quoting *Epperson v. Entertainment Enterprises,*

5

*Inc.*, 242 F.3d 100, 108 [2d Cir. 2001]). In *Melnitzky II* this Court specifically noted that plaintiff's claims against the auction gallery had been dismissed with prejudice by Judge Stein in *Melnitzky I*. *Id.*   It then held,

> The prior claims alleged, among other things, that Ms. Besobrasow (the plaintiff's former wife) and Ms. Lopreto (Ms. Besobrasow's lawyer) obtained a court order, dated June 7, 2006, to permit entry into a safe deposit box and the sale of property through the John Doe Secret Auction Gallery. The plaintiff sought the return of any assets seized, an accounting, and damages. Judge Stein determined that the plaintiff's claims pursuant to §§1983 and 1985 against these precise defendants, arising from these events, were without merit. *Melnitzky*, 2006 WL 340016, at *1. The current complaint contains substantially the same allegations challenging the June 7, 2006 order and the conduct of the defendants, allegedly in furtherance of that order, and seeks the return of the assets seized, an accounting, an inventory, and damages. Res judicata bars the plaintiff from simply bringing the same claims against the same defendants before a different judge.

*Melnitzky II* at 7-8.

The fact that it now turns out the auction house and its principal are domiciled in New Hampshire does not change matters. Simply stated, that the parties are diverse does not alter the fact that the issues have already been resolved against the plaintiff–not on one but on two separate occasions. Plaintiff cannot relitigate his claims merely because diversity would have provided an alternative basis of federal jurisdiction.

Even if the §§1983 and 1985 claims were not *res judicata*, they are in any event legally insufficient and would have to be dismissed for that reason–as was the case before Judge Stein. To state a cause of action under 42 U.S.C. §1985, plaintiff must allege his membership in a protected class and discrimination based upon that membership. *See, e.g., Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed.2d 338 (1971). Claims that one has been

deprived of property without due process of law, while certainly constitutional, are insufficient to state a claim under §1985. *Beacon Syracuse Associates v. City of Syracuse*, 560 F. Supp. 188 (N.D.N.Y. 1983) (garden variety 14th Amendment claim that plaintiff was denied due process of law is not enough).

    The claims under §1983 are similarly unavailing. The linchpin of liability is state action. *See Tancredi v. Metropolitan Life Insurance Co.*, 316 F.3d 308 (2d Cir. 2003) ("'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action,"'" [*id.* at 310 (quoting *United States v. International Brotherhood of Teamsters*, 941 F.2d 1292, 1295 [2d Cir. 1991])]). To withstand a motion to dismiss, at the very least the plaintiff must allege facts showing, if true, that the defendant acted under color of state law. Although private actors–and in this case there is no question that the corporate and individual defendants are private actors–may become liable under §1983 if there is a "close nexus between the State and the challenged action [such] that seemingly private behavior may be fairly treated as that of the State itself," *Tancredi* at 310 (citation omitted), conclusory allegations are not enough. In this regard, as a general rule merely complying with a court order does not subject the person complying to liability under this section. *See, generally, Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir. 1969) (state court employee could not be liable under this section for following an order of the court); *Jarvis v. Roberts*, 489 F. Supp. 924 (W.D. Tex. 1980) (bank and its attorney did not act under color of state law when they complied with process); *see also American Manufacturers Mutual Insurance Co. v. Sullivan.* 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed.2d 130 (1999) ("Action taken by private parties with the mere approval or

acquiescence of the State is not state action").

Here, there is no allegation that these defendants were even on the scene at the time of the June 7, 2006 order that is at the heart of plaintiff's grievance, let alone that they had any role whatsoever in its procurement or issuance or that the order compelled them to act; indeed only the most tenuous link can be divined between the June 7 order and these defendants, who were not selected by the court or any other arm of the State. Rather, from a review of the complaint and the prior litigation in this matter, it is beyond evident that Jones the individual and Jones and Horan the gallery were selected by the attorney for Melnitzky's ex-wife sometime after the June 7, 2006 order had issued. The defendants' sole connection with the order is that it apparently allowed Besobrasow and her attorney to give them access to the safe deposit boxes to take an inventory as the necessary prerequisite to conducting an auction. Since they could not be liable under this section for merely complying with the court order, they cannot be liable for merely relying upon a court order to perform a contract with a private party. The federal claims are without merit and must be dismissed with prejudice.

### Point II
### BOTH *RES JUDICATA* AND COLLATERAL ESTOPPEL BAR RELITIGATION OF THE STATE LAW CLAIMS; THESE CLAIMS MUST BE DISMISSED WITH PREJUDICE

The Court should also dismiss with prejudice plaintiff's state law claims, which not for the first time appear to be conversion and conspiracy. The New York State courts have repeatedly rejected plaintiff's complaints that the property of the safe deposit boxes was converted, holding that any such cause of action was time-barred, *see, e.g., Melnitzky v. Lopreto*, 3 A.D.3d 4, 777 N.Y.S.2d 304 (1st Dept. 2004); *Melnitzky v. HSBC Bank USA*, 33 A.D.3d 482,

823 N.Y.S.2d 128 (1st Dept. 2004); *Melnitzky v. North Fork Bank for Savings*, 794 N.Y.S.2d 13, 17 A.D.3d 170 (1st Dept. 2005) or barred by virtue of some other defect, *see, e.g., Melnitzky v. Melnitzky*, 22 A.D.3d 298, 802 N.Y.S.2d 130 (1st Dept. 2005) (claim of conversion meritless and vexatious); *Melnitzky v. Apple Bank for Savings*, 19 A.D.3d 252, 797 N.Y.S.2d 470 (1st Dept. 2005) (holding that plaintiff's claims that defendant bank had colluded with his ex-wife and her attorney to remove contents of safe deposit boxes without safeguarding them were or could have been raised in the matrimonial action and could not be raised in a new action).

Under the Full Faith and Credit clause, federal courts must give the same preclusive effect to state court judgments that state courts would give. *Gargiul v. Tompkins*, 790 F.2d 265 (2d Cir. 1986); 28 U.S.C. §1738. New York courts apply a transactional approach to *res judicata*. *Gargiul*, 790 F.2d at 269 (citing *Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 [1978]). If the "new" claim arises out of the same "factual grouping" as a claim that has been previously resolved, the new claim is barred by the doctrine. *Reilly*, 45 N.Y.2d at 29-30; *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981). Issue preclusion, or collateral estoppel, bars relitigation of issues actually decided in a prior proceeding against the party seeking to relitigate them, so long as he had a full and fair opportunity to contest them in the first proceeding. *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (citations omitted).

As noted, the New York courts have repeatedly held that Melnitzky's claims of conspiracy and conversion were either time-barred or were or could have been raised in the matrimonial litigation itself. Although obviously the plaintiff now asserts that *these* defendants are liable for the entries to the safe deposit boxes and the alleged losses occasioned thereby and

9

obviously *these* specific defendants did not have anything to do with the boxes or their contents until in or around December 2006, and specifically following Supreme Court's June 7, 2006 order, the entries made by *these* defendants are no different from the prior entries going back several years, ever since the trial in the matrimonial action was resolved and the boxes' contents found to be marital property subject to equitable jurisdiction. It was in the face of that initial ruling that subsequent entries were made, subsequent suits were filed, and New York courts rebuffed plaintiff's claims grounded in conversion and collusion based upon the entries into the safe deposit boxes. If principles of collateral estoppel and *res judicata* precluded litigation against different defendants over the entries into the safe deposit boxes and the inventorying of their contents, there is no occasion for the new entry by these defendants to give rise to liability. Besides, Judge Stein declined to exercise supplemental jurisdiction[3] over the plaintiff's state law claims and this Court expressly dismissed the claims against the auction house outright and denied plaintiff a further opportunity to amend his complaint; there is no basis for exercising supplemental jurisdiction now, especially since the federal claims are substantively and procedurally untenable.

### Point III
### EVEN IF THE STATE LAW CLAIMS ARE NOT SUBJECT TO PRECLUSION PLAINTIFF'S CLAIM OF INJURY BY THE STATE COURT'S JUDGMENT FALLS OUTSIDE THIS COURT' SUBJECT MATTER JURISDICTION

As Judge Stein observed, plaintiff's principal grievance is that the state court judgments–first, the judgment subjecting the contents of the safe deposit boxes to equitable jurisdiction and second the judgment authorizing Besobrasow and her attorney to place the

---

[3] Although plaintiff's new complaint asserts diversity as an additional basis for jurisdiction, there is no indication that the alleged injuries meet the jurisdictional threshold.

10

contents with an auction house unknown to Melnitzky–have caused him injury and that the federal courts should redress that injury. These claims cannot be brought in the lower federal courts, which lack subject matter jurisdiction to review the orders of state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 425-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); *Hoblock*, 422 F. 3d 77; *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005). Plaintiff's complaints are bottomed on injury he claims to have been caused by the June 6, 2006 order and the 1998 equitable distribution order the June 2006 order effectuated.

In *Hoblock*, 422 F.3d 77, the Second Circuit explained that a plaintiff dissatisfied by a state court ruling could not obtain original jurisdiction in the lower federal courts by simply alleging a complaint against the parties who acted in furtherance of that judgment. Moreover, it is not enough to come to federal court with a theory not presented in state court. *Id.* at 86 ("Just presenting in federal court a legal theory not raised in state court ... cannot insulate a federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that judgment reversed"). What is known as the *Rooker-Feldman* doctrine holds that only the Supreme Court of the United States has jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state court judgments," *Exxon Mobil*, 544 U.S. 280, 125 S. Ct. 1517.

A review of the complaint in this action and the raft of litigation that precedes it makes it clear beyond cavil that plaintiff's fundamental aim is to have this court declare null and void Supreme Court's order on equitable distribution and its subsequent order allowing the

11

auction. There is no argument that plaintiff seeks some other remedy, and there is no argument that his complaint does not fall squarely within *Rooker-Feldman*, as elucidated by *Exxon*. This Court lacks subject matter jurisdiction over the claims set forth in the complaint.

*Point IV*
THIS COURT SHOULD ENTER AN ORDER BARRING THE PLAINTIFF FROM COMMENCING FURTHER LITIGATION AGAINST THIS DEFENDANT ARISING OUT OF OR IN CONNECTION WITH SUPREME COURT'S ORDER AUTHORIZING A SALE OF PROPERTY DEEMED SUBJECT TO EQUITABLE JURISDICTION ABSENT PRIOR LEAVE OF COURT

In *Melnitzky v. Apple Bank for Savings*, 19 A.D.3d 252, 797 N.Y.S.2d 470 (1st Dept. 2005), the Supreme Court of the State of New York, Appellate Division, issued an order enjoining this plaintiff from commencing further litigation in the courts of the State of New York arising from or related to the matrimonial action, including any litigation over the ownership and distribution of the property in that action. Of course, the Second Circuit has upheld the courts' authority to impose such leave to file injunctions, provided they are reasonably circumscribed. *See In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993). The propriety of such action in this case is clear: this is the third case Melnitzky has commenced against the corporate defendant, even though two prior orders of this court have rebuffed him and held that the claims were not viable, and it the defendants' concern about vexatious litigation is heightened by the fact that commencement of litigation in the federal courts followed almost immediately upon the heels of a filing injunction in the courts of the State of New York. In this connection, considering the contentious and protracted litigation in state court to enforce an equitable distribution order, the remedy of sanctions pursuant to Fed. R. Civ. P. 11 is not a viable alternative. The court can and should enter an injunction consistent with that previously entered by the Appellate Division to

12

put these matters firmly at rest and prevent a new chapter of vexatious and costly litigation aimed at overturning judgments and their natural consequences.

## CONCLUSION

The complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and the court should fashion and issue an appropriate injunction prohibiting the plaintiff from commencing a further suit against these defendants based on or arising out of the matrimonial action and enforcement of the distribution order.

Dated:    New York, NY
          November 30, 2007

                                    Respectfully submitted,
                                    MICHELE HAUSER (MH 6531)
                                    _____
                                    *Attorney for Defendants*

13

# AFFIDAVIT OF SERVICE

**MICHELE HAUSER**, being duly sworn, deposes and says:

1. I am the attorney for the defendants herein and I maintain my office for the practice of law on Madison Avenue within the County and State of New York.

2. On November 30, 2007 I served the forgoing Notice of Motion, Supporting Affidavit of Michele Hauser, the Notice of Appearance and the Memorandum of Law by placing true and complete copies in a mailbox of the United States Postal Service in an envelope bearing correct first class postage and addressed to the plaintiff *pro se* as follows:

> MICHAEL MELNITZKY
> 322 East 77th Street
> New York, NY 10021

_____
Michele Hauser

Sworn to before me this
30th day of November 2007

_____
Notary Public

GEORGE HARRIS
Notary Public, State of New York
No. 02HA1684890
Qualified in Kings County
Commission Expires June 30, 2011