**Exhibit 1**

At Part 15, of the
Supreme Court of the State of
New York, County of New York,
at the Courthouse thereof,
60 Centre Street, New York
New York on the 15th day of
~~June, 1999.~~ October 1999

PRESENT:

Honorable Walter B. Tolub, Justice.

--------------------------------------------------------------X

ELIZABETH MELNITZKY,

Plaintiff,

- against-

MICHAEL MELNITZKY

Defendant.

--------------------------------------------------------------X

Index No.300220/94

MONEY
JUDGMENT

Plaintiff having brought this action for a judgment of absolute divorce dissolving the marriage relation heretofore existing between the parties by reason of Defendant's cruel and inhuman treatment and constructive abandonment of Plaintiff and the summons bearing the notation Action for a Divorce and a statement of any ancillary relief demanded together with the verified complaint having been duly served upon the Defendant personally and the Defendant having appeared by Ronald A. Hollander, Esq. and Defendant having answered the complaint and Plaintiff having

obtained a judgment after a jury trial dissolving the marriage which judgment was entered on March 27, 1998, (Goodman, J.) and the issues of equitable distribution, child support, spousal and child support arrears and other ancillary matters having been sent to this Court and the matter having come on for trial before me and the parties having appeared before me and presented their written and oral proof and this Court having heard and considered such proof and a decision having been made in writing dated December 3, 1998 separately stating my Findings of Fact and Conclusions of Law and Plaintiff having moved for an order correcting the Court's decision of December 3, 1998 and a decision having been made in writing dated April 12, 1999 granting Plaintiff's motion to the extent set forth therein,

NOW, on motion of VIRGINIA A. LoPRETO, Esq., attorney for Plaintiff, it is

ORDERED, ADJUDGED AND DECREED that the marital assets consisting of cash accounts as set forth in Plaintiff's Trial Exhibits 2, 3, 5, 6, 7, 9, 10 and 54 be equitably distributed with each party receiving fifty (50%) percent thereof as of April 30, 1998 pursuant to Section § 236 B of the Domestic Relations Law and that the Plaintiff Elizabeth Melnitzky, residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021 recover of Defendant Michael Melnitzky, residing at 322 East 77th Street, New York, NY 10021 the sum of $152,102 with interest at the legal rate thereon from April 30, 1998 in the amount of $ 21,259.00 for a total sum of X $ 173,361.00, and that Plaintiff have immediate execution thereof; and it is further

ORDERED, ADJUDGED AND DECREED that the marital assets consisting of bearer bonds and uncashed coupons and identified in Plaintiff's Trial Exhibit 49A be equitably distributed with each party receiving one-half of the bearer bonds and the uncashed coupons and

Plaintiff, residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021, shall recover of tl Defendant, residing at 322 East 77th Street, New York, NY 10021, the aggregate sum ‹ $471,211.29 with interest at the legal rate thereon from April 30, 1998 in the amount of X $ 65,859.00 , for a total sum of $ 537,070.29 to be paid as follows:

A. Commercial Bank is directed to release to Plaintiff (or Plaintiff's attorney from the sealed safe deposit boxes the bonds (and coupons) identified in Plaintiff's Trial Exhibit 49A from Box D471 item numbers: 1, 3, 6, 8, 10; and from Box 554, item numbers 1, 3, 4, 8, 11 ,12, 19, 20, 24, 25 and 28 together with such other and further bonds (and coupons) as necessary to satisfy the above amount; and

B. Marine Midland Bank (now known as HSBC) is directed to release to Plaintiff (or Plaintiff's attorney) from the sealed safe deposit boxes bonds (and coupons) identified in Plaintiff's Trial Exhibit 49A from Box 245 item numbers: 1, 2, 5, 6, 8, 10, 11, 12, 13, 14, 20, 21, 22, 26, 27, 31, 32, 33, 38, 39, 39, 40, 41, 46, 47, 48, 52, 53, 56; and from Box 302 item numbers 11, 12, 13, 14, 15, 21, 22, 23, 27, 36, 39, 40, 41, 42, 43, 49, 50, 51, 52, 53, 59, 61, 63, 64 and 65 together with such other and further bonds (and coupons) as necessary to satisfy the above amount; and

C. Apple Bank is directed to release to Plaintiff (or Plaintiff's attorney) from the sealed safe deposit boxes bonds (and coupons) identified in Plaintiff's Trial Exhibit 49A from Box 1525 item numbers: 1, 2, 3, 4, 5, 6, 15, 16, 19, 20, 23 and 25 together with such other and further bonds (and coupons) as necessary to satisfy the above amount; and it is further

ORDERED , ADJUDGED AND DECREED that in the event Plaintiff's financial entitlements provided herein, including the money judgments, are not satisfied out of the cash

accounts, and upon presentation by Plaintiff's attorney of an affirmation setting forth the outstandi amounts owed by Defendant Commercial Bank, Marine Midland Bank (now known as HSBC) a Apple Bank are directed to release to Plaintiff (or Plaintiff's attorney) such other bonds (ar coupons) as necessary to satisfy Defendant's outstanding obligations based upon recent quotatior as to market value of the bonds (and coupons) not allocated herein to Plaintiff; and it is further

ORDER, ADJUDGED AND DECREED that upon the release to Plaintiff (o Plaintiff's attorney) of the above specified bonds (and coupons), and such other bonds as may b necessary to satisfy Plaintiff's entitlements herein, including any money judgments, in Plaintiff's favor as and against Defendant, and the safe deposit boxes shall remain sealed until delivery of the items identified in Plaintiff's Trial Exhibit 49B is made to Christie's, in accordance with this judgment; and it is further

ORDER, ADJUDGED AND DECREED that Christie's shall remove from the safe deposit boxes at Apple Bank, the Commercial Bank and Marine Midland Bank, (now known as "HSBC") the items identified in the prior decretal paragraph and is hereby authorized to sell all such items at auction, the proceeds of which, less any commissions and insurance costs, shall be equally divided and paid to Plaintiff and Defendant at which time Plaintiff shall pay to Defendant the sum of $3300 which represents the differential in the allocation of the bonds (and coupons); and it is further

ORDER, ADJUDGED AND DECREED that upon five (5) days written notice to Defendant's attorney, after entry of the within judgment, Apple Bank, Commercial Bank and Marine Midland Bank (now known as "HBSC") are each directed to release to Christie's all of the jewelry,

watches, gold coins, pens and other items held in the respective safe deposit boxes and identified Plaintiff's Trial Exhibit 49B not otherwise released to either Plaintiff or Defendant in accordan with this judgment; and it is further

ORDER, ADJUDGED AND DECREED that upon the release of the bonds (an coupons) to Plaintiff (or Plaintiff's attorney) and upon the delivery to Christie's of the remainin items identifed in Plaintiff's Trial Exhibit 49B from in the safe deposit boxes, Defendant shall b entitled to remove, in the presence of Plaintiff's attorney and Defendant's attorney, the bonds (anc coupons) not otherwise recovered by Plaintiff pursuant to the within judgment and the following items which Plaintiff conceded were Defendant's separate property as identified in Plaintiff's Trial Exhibit 49B.

A. Commercial Bank safe deposit box number 456, item nos. 4, 7, 8, 10, 11, 12, 14, 26, 35, 40, 43, 44, 45, 47, 48, 50, 53, 57, 58, 59, 61, 62, 63, 65, 66, 67, 69, 70, 71, 73, 75, 78, 79, 84, 87, 88, 89, 91, 93; and safe deposit box number D471, item nos., 11, 20, 29, 32, 35, 36, 38, 39, 41, 43, 45, 47, 48, 49, 50, 53, 55, 56, 60, 63, 64, 65, 68, 80, 83, 87; and safe deposit box number 554, item nos., 34, 37, 42, 47, and 48; and

B. Marine Midland Bank (now known as "HSBC") safe deposit box number 245, item nos., 1, 3, 13, 18, 20, 25, 29, 31, 32, 39, 56, 58, 65, 68, 76; and safe deposit box number 302, item nos., 18, 19, 32, 34, 40, 42, 54, 66, 78, 84, 114, 118 and 121; and it is further

ORDER, ADJUDGED AND DECREED that upon the release of the property contained in the safe deposit boxes at Apple Bank, Commercial Bank and Marine Midland Bank (now known as HSBC) the order of the Court sealing said safe deposit boxes shall be vacated; and



it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff Elizabeth Melnitzk residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021 recover of the Defendant Micha Melnitzky, residing at 322 East 77th Street, New York, NY 10021 as and for her separate propert the sum of $365,569 with interest at the legal rate thereon from April 30, 1998 in the amount of X $ 51,094.00 for a total sum of $ 416,663.00 to be paid as follows:

a. Treasury Cusip No. 912795AX9 in the par amount of $100,000 (Plaintiff's Trial Exhibit 11) or said principal reinvested into a new cusip shall be transferred to a Treasury Direct account in the name of Elizabeth Besobrasow; and

b. Treasury cusip No. 9128273D2 in the par amount of $145,000 (Plaintiff's Trial Exhibit 11) or said principal reinvested into a new cusip shall be transferred to a Treasury Direct account in the name of Elizabeth Besobrasow; and

c. Treasury cusip No. 9128274R0 in the par amount of $65,000 (Plaintiff's Trial Exhibit 11) or said principal reinvested into a new cusip shall be transferred to an account in the name of Elizabeth Besobrasow; and

d. As to the amount of $55,569 together with interest at the legal rate on the entire amount of Plaintiff's award ($365,569) of $51,094.00 in the total sum of $ 106,663.00 , Plaintiff shall have immediate execution therefore; and it is further

Please note this figure $106663.00 is NOT to be docketed thank you.

ORDERED, ADJUDGED AND DECREED, that within 10 days from the entry the judgment Plaintiff's separate property identified in Plaintiff's Trial Exhibits 29, 30, and 31 returned to Plaintiff and Defendant to deliver to Plaintiff's attorney's office at 400 Madison Avenu Suite 803, New York, New York 10017, or such other location as Plaintiff may designate in writin to Defendant's attorney, Plaintiff's separate property as follows:

a. Gold coin (Plaintiff's Trial Exhibit 31);

b. Furnishings, silver, china, glassware, books, paintings, 1 man's gold signet ring and family photographs in Defendant's possession (Plaintiff's Trial Exhibit 29 and 30); and

c. Framed Thomas Jefferson letter; and it is further

ORDERED, that upon receipt of a certified copy of this Order and following receipt of all necessary documentation from Plaintiff and Defendant, as may be required, the Dime Bank shall distribute fifty percent (50%) of the entire balance of Defendant's profit sharing plan retirement account no. 150-3000994280 as of April 30, 1998 in a transfer to an individual retirement account for Plaintiff, together with any and all increases or decreases attributable to such portion of said account subsequent to that date; and it is further

ORDERED, that upon receipt of a certified copy of this Order and following receipt of all necessary documentation from Plaintiff and Defendant, as may be required, M&T Bank shall distribute fifty percent (50%) of the entire balance of Defendant's profit sharing plan retirement account nos. 35004109033213 and 35004109030615 as of April 30, 1998 in a transfer to an individual retirement account for Plaintiff together with any and all increases or decreases



attributable to such portions of said accounts subsequent to that date; and it is further

ORDERED, that upon receipt of a certified copy of this Order and following recei[p]t of all necessary documentation from Plaintiff and Defendant, as may be required Commercial Ban[k] of New York shall distribute fifty (50%) of the entire balance of Plaintiff's individual retiremen[t] accounts No. 0356624270 and 0356624288 as of April 30, 1998 in a transfer to individual retiremen[t] accounts for Defendant, together with any and all increases or decreases attributable to such portion[s] of said accounts subsequent to that date; and it is further

ORDERED, that Plaintiff and Defendant must cooperate with each other and execute any and all forms, instruments and additional documents which may be necessary to give full effect to the terms and provisions of the within decretal paragraphs regarding the distribution of the aforementioned retirement accounts; and it is further

ORDERED, ADJUDGED AND DECREED that the Fidelity Service Company transfer UGMA Account Nos. T 0630029901, T 063029881 and T 063029898, and all sub-accounts thereof, (Plaintiff's Trial Exhibit 26) to new custodial accounts designating Elizabeth Besobrasow as custodian for the respective minor children and that said monies be for the private education of said children as provided for herein including, without limitation, the immediate payment of tuition owed to The Allen Stevenson School for the 1998/1999 school year and the 1999/2000 school year; and it is further

ORDER, ADJUDGED AND DECREED that Prudential Securities Inc. transfer UGMA Account Nos. YH-335479 and AA-706670, and all sub-accounts, (Court Exhibit 5) to new custodial accounts designating Elizabeth Besobrasow as custodian of each account for the benefit



of said child Elizabeth B. Melnitzky; and it is further

ORDER, ADJUDGED AND DECREED that Lehman Brothers transfer UGM Account No. 831-01074-15554, and all sub-accounts, (Court Exhibit 6 ) to a new custodial accou designating Elizabeth Besobrasow as custodian of said account for the benefit of said child Micha B. Melnitzky; and it is further

ORDER, ADJUDGED AND DECREED that in connection with the transfer of th aforementioned UGMA accounts, the restraints previously imposed upon Defendant as the custodia of each said UGMA account shall be vacated; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff be deemed custodian of the following UGMA bonds (and coupons) and The Commercial Bank is directed to release to Plaintiff (or Plaintiff's attorney) the following UGMA bonds and uncashed coupons for the subject minor children, identified in Plaintiff's Trial Exhibit No. 49A, as Item Nos. 9, 10, 15, 16, 17, 18, 30, 31 and 32 from Box No.554 as follows:

1. State of New York Housing Bond # R 1188 in the face amount of $5,000.
2. State of New York Housing Bond # R 1189 in the face amount of $5,000.
3. The City of Seattle Sewer Improvement Bond # 1147 in the face amount of $5,000.
4. The City of Seattle Sewer Improvement Bond # 1148 in the face amount of $5,000.
5. The City of Seattle General Obligation Refunding Bond# 1993, Bond# 6532 in the face amount of $5,000.
6. The City of Seattle General Obligation Refunding Bond # 654S in the face amount of $5,000.
7. State of Connecticut General Obligation Capital Appreciation Bond # R-9599 with a maturing value of $100,000
8. State of Connecticut General Obligation Capital Appreciation Bond # R-9597 with a maturing value of $100,000.
9. State of Connecticut General Obligation Capital Appreciation Bond # R-9598 with a maturing value of $100,000; and it is further



ORDERED, ADJUDGED AND DECREED, that Defendant pay to Plaint by check or money order drawn to her order and forwarded on the first Monday of each month Plaintiff's residence or such other place as she may designate in writing, the sum of $1,636.83 p month as and for Defendant's basic child support obligation; and it is further

ORDERED, ADJUDGED AND DECREED, that Defendant pay to Plaintiff by chec or money order drawn to her order and forwarded on the Monday of each week to her residence o such other place as she may designate in writing, the sum of $222 per week as and for Defendant' 55.5% pro rata contribution to child care expenses; and it is further

ORDERED, ADJUDGED AND DECREED, that Defendant pay to Plaintiff his 55.5% pro rata share of all health care expenses of the children including insurance premiums, unreimbursed psychological, psychiatric and/or counseling expenses incurred as Plaintiff shall determine , unreimbursed medical expenses and all dental and orthodontry expenses; and it is further

ORDERED, ADJUDGED AND DECREED, that Defendant shall pay his pro rata share (55.5%) of annual summer camp expenses for the minor children as follows;

(a) $6,400 for six weeks at 92nd Street Y day camp;

(b) $9,000 for four weeks at sleep-a-way camp when and as Plaintiff determines; and it is further;

ORDER, ADJUDGED AND DECREED that the present and future provision of private elementary, high school and post-secondary education for the children is appropriate; and it is further;

ORDERED, ADJUDGED AND DECREED, that the Plaintiff's medical insurance

coverage with United Health Care, Group No.195550, be the primary coverage for the subject mi children until each child reaches the age of 21; and it is further

ORDERED, ADJUDGED AND DECREED, that the Plaintiff Elizabeth Melnitzk residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021 shall recover of the Defenda Michael Melnitzky, residing at 322 East 77th Street, New York, NY 10021 the sum of $28,382.1 as support arrears due under orders of this Court, (Friedman, J. and Tolub, J.) dated June 25, 199 and December 18, 1997 with interest at the legal rate thereon from May 25, 1998 in the amount o

X $3,793.10 for a total sum of $32,175.24, and that Plaintiff have immediate executior therefore; and it is

ORDER, ADJUDGED AND DECREED that the Plaintiff Elizabeth Melnitzky, residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021 recover of the Defendant Michael

X Melnitzky, residing at 322 East 77th Street, New York, NY 10021 the sum of $34,600.67 as arrears in child support consisting of Defendant's unpaid basic child support; Defendant's 55.5% pro rata share of the weekly child care expenses; monthly health insurance premiums and 1999 summer camp costs through May 31, 1999, less the sum of $6,255 paid by Defendant through May 31,1999 which amounts are due under this Court's Decision dated December 3, 1998 with interest at the legal rate from date of entry of within judgment and Plaintiff have immediate execution therefore; and it is further

ORDER, ADJUDGED AND DECREED that the Plaintiff Elizabeth Melnitzky, residing at 515 East 72nd Street, Apt. 20B, New York, NY 10021 recover of Defendant Michael

X Melnitzky, residing at 322 East 77th Street, New York, NY 10021, the sum of $25,000 as and for



counsel fees with interest at the legal rate thereon from date of entry of within judgment and Plair have immediate execution therefore.

ENTER:

JUSTICE OF THE SUPREME COURT
WALTER B. TOLUB

Norman Goodman
CLERK

FILED
NOV 1 8 1999
COUNTY CLERK'S OFFICE
NEW YORK

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on 19

Dated,

Yours, etc.,
VIRGINIA A. LOPRETO
ATTORNEY AT LAW
Attorney for

*Office and Post Office Address*
400 MADISON AVENUE
NEW YORK, N.Y. 10017
(212) 888-6106

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order JUDGMENT of which the within is a true copy will be presented for settlement to the Hon. WALTER B. TOLUB one of the judges of the within named Court, at 60 Centre Street on June 21, 19 99 at 9:30 A.M.

Dated, June 10, 1999

Yours, etc.,
VIRGINIA A. LOPRETO
ATTORNEY AT LAW
Attorney for Plaintiff

*Office and Post Office Address*
400 MADISON AVENUE
NEW YORK, N.Y. 10017
(212) 888-6106

To Robert F. Wayburn, Esq.

Attorney(s) for Defendant

Index No. 300220/94 Year 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ELIZABETH MELNITZKY,

Plaintiff,

-against-

MICHAEL MELNITZKY,

Defendant.

JUDGMENT

VIRGINIA A. LOPRETO
ATTORNEY AT LAW
*Attorney for*

*Office and Post Office Address, Telephone*
400 MADISON AVENUE
NEW YORK, N.Y. 10017
(212) 888-6106

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

1500 — JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

DOCKETED BY
MA
COMPARED BY

1-1

FILED AND DOCKETED
NOV 18 1999
AT 3:20
N.Y., CO. CLK'S OFFI