**Exhibit 4**

NOTICE OF APPEAL DATED JULY 11, 2004
( 1 - 2 )

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
ELIZABETH MELNITZKY,
    Plaintiff,

    against                         NOTICE OF APPEAL

MICHAEL MELNITZKY,
    Defendant                    Index No 300220/94
----------------------------------------X

    PLEASE TAKE NOTICE that the above named defendant Michael Melnitzky hereby appeals to the Appellate division First Department, from an Order of the court granted by the Judice Judith Gish filed July 13, 2003 against him in favor of plaintiff which denied his motion to obtain enforcement of the equitable distribution judgment issued Oct.15, 1999 which above plaintiff has improperly seized in its entirety and from all such other prior orders of this court upon which the order is based.

Dated: New York, New York
July 11 2004

To: County Clerk's Office
    60 Center Street
    New York. New York 10007

Virginia LoPreto
420 Lexington Ave.
New York N.Y.10170
212 888 6106

Michael Melnitzky
Pro Se
322 East 77 St.
New York N.Y. 10021
212 6288021

NOTICE OF CROSS MOTION FROM DEFENDANT APPELLANT

254-263

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------X
ELIZABETH BESOBRASOW

    Plaintiff,

    -against-

MICHAEL MELNITZKY

    Defendant
-----------------------------------X

NOTICE OF CROSS MOTION

DEMANDING A HEARING ON THE WHEREABOUTS OF THE ASSETS WHICH JUSTICE TOLUB AWARDED TO M. MELNITZKY FOR PAYMENT OF CHILD SUPPORT AS WELL AS AN ACCOUNTING FROM E.BESOBRASOW REGARDING THE ASSETS VALUED AT OVER $3,000,000 OVER WHICH SHE AND HER ATTORNEY VIRGINIA LOPRETO HAVE MAINTAINED EXCLUSIVE CONTROL AND PREVENTED FROM BEING DISTRIBUTED

Index No 300220/94

PLEASE TAKE NOTICE, that upon the accompanying affidavit of Michael Melnitzky, the proceedings heretofore had herein plaintiff Michael Melnitzky will move this court at Part 51 in Room 128 of the Courthouse located at 80 Centre St., New York New York on March 16 2004 at 9:30 a.m or as soon thereafter as counsel may be heard for an order :

    A.    DEMANDING A HEARING REGARDING THE ASSETS WHICH JUSTICE TOLUB GRANTED TO M.MELNITZKY FOR PAYMENT OF CHILD SUPPORT BUT WHICH PLAINTIFFE. E. BESOBRASOW AND HER ATTORNEY HAVE SEIZED AND CONTROLLED FOR THEMSELVES WHILE LEADING THIS COURT TO BELIEVE THAT EQUITABLE DISTRIBUTION HAD BEEN IMPLEMENTED FOR BOTH PARTIES

    B.    DEMANDING AN ACCOUNTING OF THE WHEREABOUTS OF THE ASSETS VALUED AT OVER $3,000,000 WHICH JUSTICE TOLUB DIVIDED AT 50% TO EACH PARTY BUT WHICH PLAINTIFF AND HER ATTORNEY HAVE KEPT UNDER EXCLUSIVE CONTROL. SUBJECTED TO CONVERSION AND PILFERING WHILE PREVENTING M. MELNITZKY OR HIS REPRESENTATIVE FROM OBTAINING A SINGLE DOLLAR OR OBSERVING THE UNSUPERVISED ENTRIES INTO THE SAFE DEPOSIT BOXES CONTRARY TO THE ORDERS OF THE COURT

    C.    BEFORE ANY PARTY SUCH AS CHRISTIES GALLERY IS PERMITTED TO

E - COMPUTER SPEECH TO TYPE PROGRAM SOMETIMES PRINTS WRONGFUL WORDS OR LETTERS

1

00255

HANDLE THE SAFE DEPOSIT ITEMS DEFENDANT MELNITZKY DEMANDS THE RIGHT TO INSPECT AND RECORD THE CONTENTS OF HIS SAFE DEPOSIT BOXES TO DETERMINE WHAT ACTUALLY REMAINS OF THE 750 ITEMS AS WELL AS THE EVIDENTIARY TAGS WHICH PLAINTIFF AND HER ATTORNEY HAD CONCEALED FROM THE PHOTOGRAPHIC RECORD OVER WHICH THEY EXERCISED EXCLUSIVE AND DISHONEST CONTROL.

D.  DEMANDING AN EVIDENTIARY HEARING REGARDING THE ABUSE OF VISITATION AND CUSTODIAL CONDUCT AIMED AT CHANGING CUSTODY IN FAVOR OF DEFENDANT MYSELF BASED ON PLAINTIFFS PARENTAL VIOLATIONS WHICH PLAINTIFF AND HER ATTORNEY HAVE CONCEALED FROM THE COURT IN THE SAME FASHION AS IS REVEALED IN THE ABOVE MENTIONED FINANCIAL DISHONESTY AMOUNTING TO A PATTERN OF MANIPULATION AND DISHONORABLE DECEIT OF THE COURT BY WHICH A RECORD OF RELEVANT EVIDENCE WAS DELIBERATELY OBSTRUCTED FROM BEING APPLIED AS THE DOCTRINE OF THE BEST INTEREST OF THE CHILDREN REQUIRES FROM THIS COURT.

E.  DEMANDING SANCTIONS AGAINST THE ATTORNEY MS. VIRGINIA LOPRETO ACCORDING TO THE JUDICIARY RULE 487 AWARDING TRIPLE DAMAGES FOR THE ABOVE DESCRIBED MISCONDUCT INCLUDING THE DELIBERATE DECEIT OF THE COURT REGARDING THE MISHANDLING OF THE EQUITABLE DISTRIBUTION ASSETS AND FOR THE AUDACITY OF ATTEMPTING TO OBTAIN AREARS OF CHILD SUPPORT AFTER HAVING IMPROPERLY SEIZED, CONTROLLED AND CONVERTED THE ASSETS AWARDED BY JUSTICE TOLUB TO DEFENDANT FOR THE VERY CHILD SUPPORT WHICH THEY CURRENTLY DEMAND.

F.  AND FOR SUCH OTHER RELIEF AS THE COURT DEEMS PROPER.

Michael Melnitzky
322 E. 77 ST.
New York, N.Y. 10021
(212) 628-8021

Ms. Virginia LoPreto
420 Lexington Ave. Suite 2808
NEW YORK N.Y. 10170.
212 886106

NOTE: COMPUTER SPEECH TO TYPE PROGRAM SOMETIMES PRINTS WRONG WORDS

DECISION AND ORDER APPEALED FROM
ISSUED JULY 1, 2004 BY HON. JUDITH GISCHE

00003

( 3 - 13 )

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 51
------------------------------------------------------------x
Elizabeth Melnitzky,

              Plaintiff

-against-

Michael Melnitzky,

              Defendant.
------------------------------------------------------------x

DECISION/ORDER
Index No.: 300220/94
Motion Seq. No.: 048

Present:
Hon. Judith J. Gische
J.S.C.

Recitation, as required by CPLR 2219 [a], of the papers considered in the review of this (these) motion(s):

| Papers | Numbered |
|---|---|
| OSC #48 w/EB affid, VAL affirm | 1 |
| Notice of Cross Motion w/MM affid | 2 |
| MM affid in opp | 3 |
| VAL affirm in opp | 4 |
| VAL reply affirm | 5 |
| MM response to opp to Deft cross motion | 6 |
| Exhibits | 7 |

Gische, J.:

Upon the foregoing papers, the decision and order of the court is as follows:

This is plaintiff's post judgment motion to enforce defendant's child support obligations and to effectuate equitable distribution. She also seeks security for defendant's ongoing child support payments, the release to her of certain personalty, and an award of legal fees. Defendant has cross moved for an order stopping all equitable distribution until he is allowed to physically inspect the contents of certain safe deposit boxes. He also seeks the termination of his child support obligation and a change in custody. Finally he demands an immediate hearing on his claim that plaintiff has unlawfully removed certain items from safe deposit boxes and accounting of their whereabouts.

## Discussion

The parties have been divorced for some time. Their disputes about valuable personal property and equitable distribution, however, persist. These disputes — spanning 11 years — have been extensively litigated at the trial level, not only in the context of this divorce case, but also in various plenary actions that plaintiff has brought against third parties. There has also been extensive litigation at the appellate division, and defendant has now exhausted his final avenue of appeal.

Since the history of this case is so lengthy, the previous decisions of my colleagues, and my own decisions are all incorporated herein by reference. Also referenced are this court's decisions in matters that were referred to me as related actions: Melnitzsky v. Apple Bank for Savings, Index 113119/03, 2/2/04; Melnitzky v. LoPreto, 102659/03, 4/9/03; Melnitzky v. North Fork Bank, 113117/03, 11/21/03; Melnitzky v. Besobrasow, 106114/03, 11/21/03. Each of these plenary actions were dismissed on the defendants' motions for such relief.

Briefly, insofar as relevant here, Judge Tolub decided that the parties' marital assets would be divided equally. In his "Money Judgment," dated October 15, 1999, identified which assets would be distributed, to whom they would be distributed, and what percentages. The greatest source of controversy are the valuables contained in sealed safe deposit boxes at three banks. Though these boxes were opened by force pursuant to prior orders of Judge Tolub, and the contents thereof inventoried, defendant still claims that plaintiff has 'stolen' his property, hidden some of the contents from these boxes, and otherwise conspired with her attorney, Virginia Lo Preto, to deprive him of equitable distribution. These are old claims; they were raised by him appeal and rejected. Melnitzky v. Melnitzky, 284 A.D.2d 240 (1st Dept. 2001); Melnitzky v. LoPreto, 777 N.Y.S.2d 304, 2004 N.Y. Slip Op. 04260 (1st Dept. Jun 01, 2004).

00005

They have been rejected repeatedly by this court as well. All that remains is to actually have the valuables auctioned, as Judge Tolub ordered. Consequently, defendant's cross motion for a rehearing, and permission to physically inspect these boxes is denied. This was already decided by Judge Tolub as well, and affirmed on appeal. Since the contents have not changed, there is no reason for this court to revisit this issue and allow defendant to reopen a closed chapter in this litigation.

Similarly, to the extent that defendant continues to assert claims about plaintiff and/or her attorney mishandling marital assets, those claims have also been adjudicated against him. Again, the court will not revisit this claim since he alleges the same facts he has alleged all along.

Defendant's claim, that the contents of the safe deposit boxes were worth millions, but plaintiff either hid or manipulated evidence to make it appear that they were worth less, dehors this extensive record. Whatever remains in these boxes will be auctioned (as addressed further below) and will be sold for what the market will bear.

Plaintiff, in her present motion, seeks permission to proceed with the auction sale of the contents in the safe deposit boxes. This is consistent with Judge Tolub's money judgment dated October 15, 1999. That order also provides for Christie's to conduct the sale and for how the proceeds will be shared (equally). Despite defendant's claim, that a different auction house should be used to "spare" Christie's the "burden" of having to be sued by him for misappropriation of his property, the court will require that plaintiff personally contact Christie's in writing and proceed with the auction. The court has little hope that a different auction house will be any more acceptable to the defendant, or that any auction house selected will be insulated from defendant's wrath and his propensity for litigation.

Although plaintiff has requested that the court appoint a receiver to actually handle the auction process, her motion in this regard is denied. A receiver will only

make the process more complicated and costly. Rather, the court shall personally be responsible for getting the items auctioned. Should defendant's signature be required by Christie's on any documents to start the auction process, she is hereby authorized sign on defendant's behalf and Christie's is specifically instructed to accept her signature in lieu of defendant's. Copies of any documents exchanged between Christie's and plaintiff shall be provided to defendant.

Since Christie's has indicated that they will need to take an inventory of the safe deposit boxes and catalog the items to be auctioned, the court will require that plaintiff provide defendant with a copy of the inventory/catalog that they prepare. Defendant cross motion, for permission to physically inspect the contents of the boxes is, as indicated above, denied in all respects.

Defendant has cross moved for other relief, including a suspension of his child support obligations, and a change in custody. Plaintiff was awarded sole custody of both children, after a trial, and that decision was affirmed on appeal. Melnitzky v. Melnitzky, 268 A.D.2d 378 (1st Dept. 2000).

Both motions are denied. These children are now 19 and 15 years old. The oldest child is not subject to a custody order, though still a "child" entitled to the support of both parents. Moreover, defendant brought a similar motion (for a change in visitation), that the court denied. Then, as now, defendant claimed that the mother alienating the children from him. Apparently defendant has little insight about the effect his actions have had on this family. Now that the children are older, his application even less compelling.

Defendant's motion, to terminate his child support payments to plaintiff, and be credited for all the money she 'stole' from him is denied. Even were it true, that plaintiff owed him money for equitable distribution, there is a strong public policy a

a parent offsetting a child support obligation in resolving other financial issues related to equitable distribution. Koren v. Koren, 279 AD2d 829 (3rd Dept 2001). Defendant has not shown any change in circumstances to warrant any kind of modification to his child support obligations.

Plaintiff has, on the other hand, brought a motion to enforce defendant's child support payments to her. She claim he has accrued unpaid child support arrears of $169,969.31 since 1999, and that he paid no child support at all since January 1, 2000. According to Judge Tolub's permanent child support order, defendant is required to pay basic child support of $1,636.83 per month. His pro rata share of add on expenses (child care, insurance premiums, camp expenses and unreimbursed health/medical and dental expenses) is 55.5%.

Defendant does not deny plaintiff's claims, that he has not paid any child support in the past four years. His only defense - that plaintiff has the 'audacity' to ask for child support, considering how she has already 'stolen' from him – is no defense at all. Since plaintiff's claims are uncontroverted, and he does not challenge any of the add-on expenses she asserts either, plaintiff is entitled to a money judgment for the unpaid arrears that have accrued. Matter of Dox v. Tynon, 90 NY2d 166 (1997); Lamothe v. Lamothe, 200 AD2d 655 (2nd Dept 1994).

The uncontroverted evidence shows that defendant has accrued the following unpaid child support arrears:

### Table of Arrears

| Dates | Nature of Payment | Amount |
|---|---|---|
| 1999 | Remaining Basic Child Support Arrears | $ 279.00 |
| Subtotal: Yr 1999 | | $ 279.00 |

| | | |
|---|---|---|
| 1/1/00 - 12/31/00 | Basic Child Support @ $1,636.83 per mo. | $ 19,641.96 |
| 1/1/00 - 12/31/00 | Child Care (55.5%[1]) | $ 11,455.20 |
| 1/1/00 - 12/31/00 | Insurance Premiums (55.5%) | $ 1,252.08 |
| Summer 2000 | Camp Expenses (55.5%) | $ 6,672.22 |
| 1/1/00 - 12/31/00 | Unreimbursed Health & Dental (55.5%) | $ 1,816.91 |
| Subtotal: Yr 2000 | | $ 40,838.37 |
| | | |
| 1/1/01 - 12/31/01 | Basic Support @ $1,636.83 per mo | $ 19,641.96 |
| 1/1/01 - 12/31/01 | Child Care (55.5%) | $ 11,455.20 |
| 1/1/01 - 12/31/01 | Insurance Premiums (55.5%) | $ 1,953.22 |
| Summer 2001 | Camp Expenses (55.5%) | $ 8,547.00 |
| 1/1/01 - 12/31/01 | Unreimbursed Health & Dental (55.5%) | $ 1,108.89 |
| Subtotal: Yr 2001 | | $ 42,706.27 |
| | | |
| 1/1/02 - 12/31/02 | Basic Support @ $1,636.83 per mo | $ 19,641.96 |
| 1/1/02 - 12/31/02 | Child Care (55.5%) | $ 11,455.20 |
| 1/1/02 - 12/31/02 | Insurance Premiums (55.5%) | $ 2,283.88 |
| Summer 2002 | Camp Expenses (55.5%) | $ 8,294.77 |
| 1/1/02 - 12/31/02 | Unreimbursed Health & Dental (55.5%) | $ 3,182.64 |
| Subtotal: Yr 2002 | | $ 44,858.45 |
| | | |
| 1/1/03 - 12/31/03 | Basic Child Support @ $1,636.83 per month | $ 19,641.96 |
| 1/1/03 - 12/31/03 | Child Care (55.5%) | $ 11,455.20 |

---

In each case, the sum indicated is defendant's pro rata share and represents 55.5% of the total amount.

00009

| 1/1/03 - 12/31/03 | Insurance Premiums (55.5%) | $ 1,843.42 |
| --- | --- | --- |
| Summer 2003 | Camp Expenses (55.5%) | $ 6,479.07 |
| Subtotal: Yr 2003 | | $ 41,287.22 |
| Grand Total: Yr 1999 - 2003 | | $169,969.31 |

Plaintiff's motion for a money judgment against defendant in the amount of $169,969.31 is granted. The Clerk shall enter a personal money judgment in favor of Plaintiff Elizabeth Besobrasow f/k/a/ Elizabeth Melnitzky, against Defendant Michael Melnitzky, in the sum of One Hundred Sixty Nine Thousand Nine Hundred Sixty Nine and 31/100 Dollars ($169,969.31).

Plaintiff's motion, to amend her application so as to include such other arrears that may accrue prior to the determination of this application, is denied. Her motion was brought in February 2004, but she only sought arrears through the end of 2003. This denial is without prejudice to her bringing another motion for post-December 31, 2003 arrears.

Since defendant has made no effort to meet his child support obligations, plaintiff seeks an order of sequestration to insure his payment of ongoing child support. DRL §245 provides for the sequestration of property as security for payments in a divorce action. Given the present circumstances, and defendant's stated refusal to pay ongoing child support, plaintiff's motion in this regard is granted as well. The court orders that defendant's ongoing child support obligations be secured as follows:

From the net proceeds of the auction sale, Christie's shall release to plaintiff her 50% share, as Judge Tolub had ordered. Christie's shall also release to plaintiff from defendant's 50% share of the net proceeds the sum of One Hundred Fifty Thousand Dollars ($150,000). Plaintiff shall deposit this money ($150,000) into an interest bearing account that will secure defendants future payments of child support (the "security

-Page 7 of 11-

00010

account"). If defendant's 50% share of the net proceeds exceeds the $150,000 that is being released to plaintiff, the balance (e.g. the 50% minus the sum of $150,000) shall be released by Christie's directly to defendant, in accordance with Judge Tolub's order.

From the security account, plaintiff will be allowed to withdraw the amount of $1,636.83 per month, which is equivalent to defendant's monthly child support obligation to her. Additionally, plaintiff shall, on a quarterly basis, withdraw an amount equal to defendant's pro rata share (55.5%) of the children's add-on expenses. She will be required to provide defendant with copies of bills, statements, receipts, etc. that indicate what the add-on expenses are. When the youngest child is emancipated, the amount security remaining (if any) shall be released to defendant.

To the extent that plaintiff has asked for permission to withdraw a level amount from the security account each month, her motion is denied. While the amount she proposes seems very close to what defendant's annual (total) child support obligation grant her application would be to modify the permanent support order. There is no to do so and she has to withdraw the payments using the method provided for in this decision/order.

With respect to the child support arrears, plaintiff proposes three different wa enforce the $169,969.31 judgment she has obtained in this decision/order. First, is QDRO that would order various institutions to release defendant's share of certain retirement assets to her. Another proposal is for defendant to secure a mortgage separate property (a building that he owns). Finally, she proposes that a receiver appointed to negotiate bearer bonds and coupons that are defendant's separate property. These instruments are apparently in safe deposit boxes.

Of these proposals, the QDRO is the least cumbersome and most direct of enforcing the money judgment for unpaid child support. It would also put m quickly into her hands, for the children's benefit. Therefore, plaintiff's motion,

00011

QDRO is granted. CPLR §§5241, 5242; <u>Aranoff v. Aranoff</u>, 256 AD2d 372 (2nd Dept 1998).

Plaintiff shall be responsible for preparing the QDRO for the court's signature. It shall be presented on notice to defendant. The QDRO shall order the plan administrator or other person in charge to separate and removal the sum of $169,969.31 from defendant's individual retirement accounts and/or profit sharing plans or other retirement assets/accounts at Dime Bank (Acct No.: 150-3000994280) and M&T Bank (Acct No.: 35004109033213 and 35004109030615). Since neither account alone will be enough to satisfy the judgment, either or both accounts can be depleted in their entirety to do so. If there is still a shortage, the balance due on the money judgment shall be satisfied from defendant's share of the proceeds from the auction sale by Christie's of the valuables in the safe deposit boxes.

Any and all taxes and penalties attributable to the withdrawals from these pension and/or retirement funds and/or accounts shall be the sole responsibility of defendant.

Pending the implementation of the QDRO, defendant, his agents, nominees, employees, or anyone else acting on this behalf shall not transfer, sell, assign, withdraw or in any way diminish, convey or dispose of the money in defendant's individual retirement accounts and/or profit sharing plans or other retirement assets/accounts, whether such accounts remain at Dime Bank (Acct No.: 150-3000994280), M&T Bank (Acct No.: 35004109033213 and 35004109030615), or have been moved to another institution.

Plaintiff's motion, for defendant to secure a mortgage on the building he owns, is denied at this time, as is her motion for permission to immediately redeem certain instruments that are defendant's separate property. It is anticipated that QDROs and the auction sale of the valuables will yield enough money to satisfy the judgment arrears, to establish the security account the court has ordered.

00012

Judge Tolub's order provided for defendant to return to plaintiff her separate property that remained at the marital residence. The items, identified in the October 15 Money Judgment are a gold coin, furnishings, and a framed Thomas Jefferson letter. Tolub, Money Judgment, 10/15/99 p.7. Defendant has not done so. He is directed to deliver these items to plaintiff within Ten (10) Days from the date of service of a copy of this order with Notice of Entry.

Defendant's cross motion for sanctions against plaintiff and her attorney is denied. There is nothing frivolous about the motion she brought. Clearly it was not intended to delay these proceedings, but actually to put them back on track. Defendant's 'triple damages' pursuant to Judiciary Law 487 is denied. This is not a malpractice action and Ms. Lo Preto is not his attorney. Other vague threats about his pursuing his claims through the grievance committee have no place in these motions.

Plaintiff seeks to recover her attorney's fees ($15,000) in connection with her motion. Though citing DRL §237, her application is pursuant to DRL §238 since both the motion and cross motion pertain to enforcement. Her attorney has provided an affidavit detailing the time she spent on preparing the enforcement motion (14 hours a $300 per hour), and estimating what it would cost her client to have her prepare further responsive papers. Blau v. Blau, 309 AD2d 672, 673 (1st Dept 2003). Though defendant neither challenges plaintiff's right to recover such fees, or their amount, plaintiff's counsel did not provide an updated affidavit with information about the fees she actually incurred. Under these circumstances, plaintiff's motion for legal fees is granted in the amount of $4,200. The Clerk shall enter a money judgment in favor of Plaintiff Elizabeth Besobrasow f/k/a/ Elizabeth Melnitzky, against Defendant Michael Melnitzky, in the sum of Four Thousand Two Hundred Dollars ($4,200), as and for her legal fees in connection with her enforcement motion.

00013

## Conclusion

Plaintiff's motion is granted as provided above. Defendant's cross motion is denied. Any relief not expressly addressed above has been nonetheless considered, and is hereby denied.

This shall constitute the decision and order of the court.

Dated: New York, New York
July 1, 2004

So Ordered:

_____
J.S.C.

FILED
JUL 1 3 2004
NEW YORK
COUNTY CLERK'S OFFICE