**Exhibit 5**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

00256

-----------------------------------X

ELIZABETH BESOBRASOW

Plaintiff.

DEFENDANTS AFFIDAVIT IN SUPPORT
OF CROSS MOTION DEMANDING A HEARING ON THE WHEREABOUTS
OF THE ASSETS WHICH JUSTICE TOLUB AWARDED TO M.
MELNITZKY FOR PAYMENT OF CHILD SUPPORT AS WELL AS AN
ACCOUNTING FROM E.BESOBRASOW REGARDING THE ASSETS
VALUED AT OVER $3,000,000 OVER WHICH SHE AND HER
ATTORNEY VIRGINIA LOPRETO HAVE MAINTAINED EXCLUSIVE
CONTROL AND PREVENTED FROM BEING DISTRIBUTED

-against-

MICHAEL MELNITZKY

Defendant

Index No 300220/94

-----------------------------------X

MICHAEL MELNITZKY , being duly sworn, deposes and says:

1.    This cross motion including my demand for cross examination of plaintiff is intended to make it impossible for plaintiff and her attorney to continue to conceal the actual amount of money and property they have removed from my 50% share of the equitable distribution awarded to me by the Oct. 15, 1999 judgment of Hon. Justice Tolub. attached as exhibit "A"

2.    The Oct. 1999 money judgment divided the assets valued at over $3,000,000 at 50% to each party including myself, however neither I nor any representative of mine have ever received anything from the above awarded distribution which includes the principal money used to calculate as well as the income intend to pay for child support. Plaintiff and her attorney have succeeded in evasion and concealment of this fact.

3.    The request by me to obtain and/or inspect my above mentioned share of the assets contained in the Bank safe deposit boxes has been repeatedly opposed and denied because of plaintiff and her attorney.Ms. LoPreto and this cross motion demands an accounting of the whereabouts of the above mentioned assets which the court awarded to me but which my adversaries improperly continue to hold in their possession.

The payment of the child support obligation ( which is under challenge on the record ) s been deliberately and improperly obstructed by plaintiff and her attorney. They have eived the court into believeing that the equitable distribution has been implemented on

* COMPUTER SPEECH TO TYPE PROGRAM SOMETIMES PRINT <too softS WRONGEU ...

00257

behalf of both parties although neither I nor any representative of mine has obtained anything from the above described 1999 distribution of the approximate $ 3,000,000.

5.      In addition to an accounting and inspection of the assets this cross motion is requesting an opportunity for sworn cross examination of plaintiff including an evidentiary hearing to exercise my extremely relevant and lawful rights to confront plaintiff and her attorney who are concealing important facts and evidence regarding the above circumstances and asse

6.      Besides offsetting the demanded child support against the my assets being held by plaintiff and her attorney the expected evidence and testimony is intended to illustrate varied deception misconduct and unlawful behavior as well as a long and deliberate abuse of matrimonial law to obtain improper control of my family and pre marital property and money.

7.      Not only has plaintiff improperly seized both shares of the 50 % distribution of the assets including the money intended for my payment and calculated of child support but plaintiff and Ms. LoPreto have improperly obstructed the presence of either myself or my representatives during their unsupervised removals of money assets and property from the Bank Safe deposit boxes. Critically the court granted me the right of representation and presence during my adversarie's entries into the safe deposit boxes however my adversaries have obstructed this critical right in order to engage in improper unsupervised handling of the assets including my collection of 750 watches .

( Attached hereto please see order of Justice Fisher Brandveen exhibit "B" allowing my personal presence at the safe deposit entries , and the order of Justice Tolub exhibit "C". allowing the presence of my representatives.

8.      The procedures conduct and method to determine this cross motion and plaintiff's demand for $169,969.31 is at this point a critical measure of whether my self representation will obtain fair treatment and an opportunity to confront the misconduct of plaintiff and her attorney. The abov toe prima facie facts and circumstances raise the question of whether sworn cross examination and the rules of due process will be applied to my pro se litigation of this prolonged conflict.

9.      In the current instance plaintiff Ms. Besobrasow and Ms. LoPreto are seeking to continue avoiding legitimate calculation and accounting for the money awarded to me

00258

which they already have taken into possession This money must be treated as offsetting the claims being made for child support such as it is and without prejudice to my current challenges.

10.    Above all this cross motion seeks the right to cross examin plaintiff under oath and establish a lawful record of the handling of the assets over which plaintiff and her attorney have remarkably and improperly succeeded maintaining under their exclusive control since 1998 while preventing representation from my side to participate and monitor plaintiff's conduct during their removals from the Bank safe deposit boxes.

11.    The above circumstances reflect all of the worst possible results that lawful conduct in an American Court are stri toctly required to prevent. At this stage this case must be addressed under the rules of law including due process or be presented to the police and or the district attorney as well as the newspaper press regarding the seizure of my safe deposit boxes for ten last years including my lifetime assets and that of my family while I am still waiting to be granted the right to question plaintiff under oath and on the record about this matter.

12.    Under the circumstances Justice Gische must indeed note my motions requesting access even to the 50% of my original assets which was awarded to me by Justice Tolub and constitutes the principal basis for calculating and paying child support. Plaintiff and Ms. LoPreto seized these assets entirely and by deceptive persuaded this court to assume that distribution had been conducted for both parties.

13.    Exhibit "D" contains important examples of my motions requesting court intervention regarding child support issues and obstructions in addition to my complaints of valuable watches missing from the inventory lists of the safe deposit contents.

14.    In light of the opportunity for conversion and fraud which the attorney Ms. LoPreto had created by recklessly deceiving the court and by making false personal attacks against my efforts at self representationn the attached exhibit "E " is directed to the Departmental Discipline Committee of the Supreme Court. It describes the above mentioned proper conduct of Ms. LoPreto as well as her use of the matrimonial laws to transfer assets improperly by dishonest maneuvers, personal slander and violation of fiduciary responsibility.

15    This court is also reminded of its own obligation to the Rules of the Chief Administrator

NOTE: COMPUTER SPEECH TO TYPE PROGRAM SOMETIMES PRINT 4300 RPS  WRONGFUL WORDS OR LETTERS

00259

Section 100.3 (D) (2). which state that

> A Judge who receives information indicating a substantial likelihood
> that a lawyer has committed a substantial violation of the Code of
> Professional Responsibility shall take appropriate action.

16.     In the current application for  $ 169,699.31  in child support money Ms. LoPreto and plaintiff Ms. Besobrasow are attempting to obtain  improper  assistance  from this court  to further dispose of the remaining collection of items in the safe deposit boxes while obstructing inspection  and  recording  of the items I reported  stolen  from the safe deposit boxes  while un the exclusive control of Ms. LoPreto and plaintiff.

17.     The transfer of the watch collection to Christie's Gallery before I inspect  what remain the contents  will expose  Christies to sharing the burden  of responsibility  for missing  items and  improperly relieving  plaintiff and her associates from bearing the entire  responsibility for missing valuable items.

18.     No further handling of the contents of the safe deposit property  should be permitted t any party before I inspect and record the contents of the safe deposit boxes which is at least half if not totally mine and which only plaintiff and her attorney have had the opportunity handle.

19.     This court is hereby reminded that Judiciary law 487 requires triple damages against attorney for the improper conduct illustrated above.

20.     The court must not cooperate in incorporating Christie's Gallery in sharing the burd of missing watches with plaintiff and her associates who have also concealed the evidentiar tags which were attached to the items and were hidden from appearance in the photograph

21.     This court is therefore again  provided with the documentation identifying examples of items missing and assumed stolen from the safe deposit boxes while under the specific contr Ms. LoPreto, Ms. Besobrasow and their associates.

22.     Attached hereto as exhibit "F" are pages from the inventory of my safe deposit proper submitted as part of discovery to Ms. LoPreto and the court prior to the inventory which Ms. LoPreto conducted with her associates. As before  the circled listings describe  items which missing from the inventory of Ms. LoPreto but which I therefore claimed to be stolen.

> page one shows a Patek Philippe Wrist purchased 11, 17/81,
> page two shows a perpetual chronograph  which was made by Rollex and

00260                                                    00261

29.. The following requests contained in the notice of cross motion are entirely supportable on the basis of fundamental due process law especially at this stage of the proceeding.

A. DEMANDING A HEARING REGARDING THE ASSETS WHICH JUSTICE TOLUB GRANTED TO M.MELNITZKY FOR PAYMENT OF CHILD SUPPORT BUT WHICH PLAINTIFFE E. BESOBRASOW AND HER ATTORNEY HAVE SEIZED AND CONTROLLED FOR THEMSELVES WHILE LEADING THIS COURT TO BELIEVE THAT EQUITABLE DISTRIBUTION HAD BEEN IMPLEMENTED FOR BOTH PARTIES

B. DEMANDING AN ACCOUNTING OF THE WHEREABOUTS OF THE ASSETS VALUED AT OVER $3,000,000 WHICH JUSTICE TOLUB DIVIDED AT 50% TO EACH PARTY BUT WHICH PLAINTIFF AND HER ATTORNEY HAVE KEPT UNDER EXCLUSIVE CONTROL. SUBJECTED TO CONVERSION AND PILFERING WHILE PREVENTING M. MELNITZKY OR HIS REPRESENTATIVE FROM OBTAINING A SINGLE DOLLAR OR OBSERVING THE UNSUPERVISED ENTRIES INTO THE SAFE DEPOSIT BOXES CONTRARY TO THE ORDERS. OF THE COURT

C. BEFORE ANY PARTY SUCH AS CHRISTIES GALLERY IS PERMITTED TO HANDLE THE SAFE DEPOSIT ITEMS DEFENDANT MELNITZKY DEMANDS THE RIGHT TO INSPECT AND RECORD THE CONTENTS OF HIS SAFE DEPOSIT BOXES TO DETERMINE WHAT ACTUALLY REMAINS OF THE 750 ITEMS AS WELL AS THE EVIDENTIARY TAGS WHICH PLAINTIFF AND HER ATTORNEY HAD CONCEALED FROM THE PHOTOGRAPHIC RECORD OVER WHICH THEY EXERCISED EXCLUSIVE AND DISHONEST CONTROL.

D. DEMANDING AN EVIDENTIARY HEARING REGARDING THE ABUSE OF VISITATION AND CUSTODIAL CONDUCT AIMED AT CHANGING CUSTODY IN FAVOR OF DEFENDANT MYSELF BASED ON PLAINTIFFS PARENTAL VIOLATIONS WHICH PLAINTIFF AND HER ATTORNEY HAVE CONCEALED FROM THE COURT IN THE SAME FASHION AS IS REVEALED IN THE ABOVE MENTIONED FINANCIAL DISHONESTY AMOUNTING TO A PATTERN OF MANIPULATION AND DISHONORABLE DECEIT OF THE COURT BY WHICH A RECORD OF RELEVANT EVIDENCE WAS DELIBERATELY OBSTRUCTED FROM BEING APPLIED AS THE DOCTRINE OF THE BEST INTEREST OF THE CHILDREN REQUIRES FROM THIS COURT.

E. DEMANDING SANCTIONS AGAINST THE ATTORNEY MS. VIRGINIA LOPRETO ACCORDING TO THE JUDICIARY RULE 487 AWARDING TRIPLE DAMAGES FOR THE ABOVE DESCRIBED MISCONDUCT INCLUDING THE DELIBERATE DECEIT OF THE COURT REGARDING THE MISHANDLING OF THE EQUITABLE DISTRIBUTION ASSETS AND FOR THE AUDACITY OF ATTEMPTING TO OBTAIN AREARS OF CHILD SUPPORT AFTER HAVING IMPROPERLY SEIZED. CONTROLLED AND CONVERTED THE ASSETS AWARDED BY JUSTICE TOLUB TO DEFENDANT FOR THE VERY CHILD SUPPORT WHICH THEY CURRENTLY DEMAND.

30. The complaint to the Departmental Discipline Committee of the Supreme Court attached as exhibit "E is extremely appropriate for this court to note in light of the misconduct of this case and remains to be addressed in sworn testimony from both sides rather then personal slanders of plaintiff and her attorney.

31. As stated previously Ms. LoPreto misinformed the court to gain preference and exclusive control over the 1998 inventory procedures of my Bank safe deposit boxes with hundreds of items valued at over $3,000,000. By concealing the evidence attached to the 750 valuable items therein she succeeded in having the entire property declared as marital and subjected to a 50%

NOTE - COMPUTER SPEECH TO TYPE PROGRAM SOMETIMES PRINTS WRONGFUL WORDS OR LETTERS

8

00262

division between myself and my former wife in the 1999 Judgment of the Hon. Justice Tolub.

32.     My own evidence submitted to Justice Tolub was derided by Ms. LoPreto and by Justice Tolub and improperly it was never examined when Justice Tolub changed his mind after granting me leave to submit the evidence with my post trial memorandum of law. This extraordinary violation is yet to be resolved and I consider Justice Tolub to have been deceived by the falsehoods and misleading conduct of the attorney Ms. LoPreto which is covered by Judiciary law 487 as well as by the rules of the CPLR 5015.

33.     This court is requested to act in accordance with CPLR 5015 to correct the outcome and the facts on the basis of the evidence which I have the right to present at the request hearing or at a trial which the prima facie evidence calls for.

34.     For example the 250 invoices from Sothebys, Christie's, Doyle etc. in the court record which date the property in the boxes as being purchased prior to the marriage of 1984 will necessary be presented to the newspaper press demonstrating a hoax against the law and equitable distribution rules, especially in any effort at selling these items at a Christie auction

35.     Justice Tolub and plaintiff ridiculed my assertions that some of these items were the property of my family from the second world war era and reflect an important history which wish to maintain.

36.     Indeed a major portion of the items are not from my family but represent my collection (when I was employed at Sothebys ) in an effort to rebuild the collection looted during Nazi rule . It is hardly appropriate or seemly for this court to participate in allowing a second looting of the collection which I have rebuilt prior to the marriage because Justice Tolub under the influence of my adversary could not be bothered to examine the invoices dated prior to the

37.     In light of these invoices and the contents in the safe deposit boxes which plaintiff her attorney subject to' pilfering it is hardly appropriate to allow plaintiff to complain about secreted assets which she and her attorney have not managed to seize in their application of matrimonial law to seize property that is lawfully not theirs and property that even after being subjected to equitable distribution is being subjected to pilfering and conversion.

38.     This effort is intended to make it extremely uncomfortable to continue to ridicule the fact that the 250 invoices from Sothebys Christie Phillips Doyle and Plaza galleries are all

00264

representation remains to be further addressed with the question of whether this court is prepared to assume the responsibility which is called for in light of the events described above That central question is at issue in the relief requested by this motion.

45.    Whereof it is respectfully requested that my instant motion be granted in its entirety along with such additional relief that this Court may deem appropriate. No such motion has been previously made.

Michael Melnitzky

ANNETTE ANGULO
Notary Public - State of New York
NO. 01AN6076264
Qualified in New York County
My Commission Expires 7-29-06

05268

268-273

# INVENTORY OF MISSING SAFE DEPOSIT ITEMS

(1)

Hampden. 18 2/5" [illegible] # 2443 [illegible]
[illegible] [illegible] sudden and [illegible] Xlnt [illegible]
23 Jls Special Railway Adj full plate Super [illegible] in gold
[illegible] Nickel [illegible] gold [illegible] # 1201979
[illegible] 1884 - Dial RR double sunk [illegible] Xlnt. [illegible] Xlnt
[illegible]

QHA

81 10 21

Zenith 31 3/4" [illegible] EER # 13852 plain [illegible]
yellow gold in good cond. Move 17 J. 3 Adj # 2049963 [illegible]
[illegible] Reg. clean [illegible] Dial Tarnished Silver
metallic [illegible] Roman [illegible] Attractive - Deco.

87 G OF [illegible]

430

Sculptured 32 3/16" and [illegible] figure in complex
form deeply formed on back - smooth worn but still
and Artistic - Dial in Multi color gold + raised
numerals - Xlnt Cond. Move Appleton tracy 17
[illegible] 2 color Nickel + gold # 746597 -
[illegible] case [illegible] or made up for this move.
[illegible] gold Settings Xlnt.

QOE

11/17/81

PATEK PHILIPPE WRIST WATCH

PPW SWISS 11 17 81

No. 655051 [illegible] 1450 - Dial [illegible]

diamond chapters - Sub Seconds [illegible] Xlnt Cond

39 WW

15

Movado - [illegible] WW

[illegible] shape [illegible]

[illegible] attached [illegible]

[illegible] X [illegible] Xlnt Cond.

W

EXHIBIT C

00269

00537

(2)

Swiss perp chro .. Hl Cert chr" with Date Pink GOLD
dial silver Matte Bar num. Sweep Sec. Small num. Auto.
Bezzel Fine Fluted All in Xlent Cnd Runs Xlt JOH    825
**78** WW Q

SWISS perp date just    SuperClu Chrin ofc cut
Black Dial gold + Phos. Num. Bars Sweep Sec. Automatic
Bezzel Fully Fluted Hagn. Date    Runs X Aelxlent    880
**78** WW Q

Elgin Hat        Δ 2 ⅞          plain case 12533.
Keystone Hono Swirly Some wear smooth in V.G. Cnd
Hove. 34603C4. Full plate Nickel Gold fl. Setter. H.G. JOH
White Dial + hands in V.G. Con.
90 Q O A                                    225

6 28 83
Elgin Hat H.C. Ladies 1¾D 18K 2.6g B.W.C.G. 295267
Block Enamel Lovetops + flowers Scalloped fully
Vermu culu + black flowers Hunt Cnd Superl Case
Engrad inside Emma Sutton. Move Nickel 1370
id in Settings 15gt. H.G. Runy Dial + hand Xlent.
54 L Q A c 17 A 15 gt.                        6 C

Hatt   6/29/83
Elgin Hat H.        2"D 14K 3.9 B.W.C.Co 757975.
Swirl Burst from center over edge Super design
Some wear smooth in V.G. Cond . Engrad inside
W.C. Clark 1897 etc.        Move gbuilt 6135752 Re
Hnt ong. 15 fr. in Settings.  Dial + hands Hlest. Runs x  4
81 Q H A



③ 00270

③

Juvenia - OF Rectangular ~16
plain case #131158 xlnt cond. Nothing
Move H.G. #2 #2956 Running · Shed fix in Settings ·
Dial Deco style Roman Numerals radiating
· Swirls Sid Seconds · - 10 5 82
G O F E

S430  82 10 19

00521

SWISS - WW    Automatic
gold hands + chapters Side Seconds Silver Metal
dial · Mvt in Xlnt Cond
50 GWW

SWISS - WW    Rectangular with inset
back cushionette case · Brown dial
Roman chapters + hands
Tillson + Co.  Xlnt Cond Runs Xt
51 Q WW    Hermite - ZVOX

SWISS    WW    Rectangular Curvex
1920's style  Mvt # 676314  Ref 2442  Move 894009
Mvt in Xlnt Cond  Runs Xt    831009
52 Q W

Lucien Picard WW
Mvt 50's style · Gold hands + chapters Silver Metal
dial  Sub  Sec  Runs Xt
Q WW

H.R. Ekegun - GF
exquisitely Hat Mvg  Silver Dial ·
Case H# & Move # +5 E GoldWa # 27205
Move Picard ED Koehn No 27205  12 Jul 20
Runs Xt

Ex

00271                    00271

# INVOICES OF MISSING SAFE DEPOSIT ITEM
## SHOWING DATES OF PURCHASE

(1)

INVOI __

SALE No _____  42

DATE _____ 11-17-87

(212) 570-4842
New York NY 10021

TEL No _____

RESALE No _____

NAME *MELNITSKY, HARRIET*

ADDRESS _____

Paddle No. Z
OB

*ATEK PHILIPPE*
*1400 +140*
*= $ 1540*

| LOT No | Amount | LOT No. | Amount | LOT No | Amou |
|--------|--------|---------|--------|--------|------|
| 47 | 1400 | B/F MIXED LOT | | B/F | |
| 31 | 475 | 197 | 325 | | |
| 38 | 125 | 208 | 150 | BRACUT | |
| X | 200 | BRACELET | | COINS | |
| 65 | 125 | PEN | | | |
| 14 | 170 | PEN - TOP | | | |
| 68 | 130 | BOX | | SUBTOTAL | 3525 |
| 32 | | | | PREMIUM | 35 |
| 179 | 325 | BRACELET | | BALANCE | 3,87 |
| 157 | 150 | COINS | | TAX @ % | |
| C/Fwd | | C/Fwd | | | |
| | | | | TOTAL | |

RECEIVED $ 3,87

DATE 11/17/87

BY RAT

CASH     s 16.25

CHECK/U S  s 38

OTHER    s ___

D.N.P.

DATE.

BY

INVOICED  ☐

TELEPHONED  ☐

Shipping Instruction
Pick Up   ☐
UPS      ☐
U S Mail   ☐
Road     ☐
Air Freight  ☐
Other ___
Insured   ☐
Value $ ___

CREDIT REFERENCE

# EXHIBIT D

Please note the sale number and invoice number on your remittance.
Send remittance to Phillips, 867 Madison Ave., New York, N Y 10021