Exhibit 6

SUPREME COURT OF THE STATE OF NEW YORK - NEW YORK COUNTY

PRESENT: <u>HON. JACQUELINE W. SILBERMANN</u>, J.S.C.     PART <u>50-L</u>

ELIZABETH MELNITZKY, A.K.A.
ELIZABETH BESOBRASOW,

                    Plaintiff          INDEX # 300220/94

-against-                                MOTION SEQ. NO. 057

MICHAEL MELNITZKY,

                    Defendant

**FILED**
NOV 28 2007
NEW YORK
COUNTY CLERK'S OFFICE

The following papers, numbered 1 to 4 were read on this motion for an execution on a money judgment, and a money judgment and cross-motion for fraud.

| Papers | Numbered |
|---|---|
| Notice of Motion/Order to Show Cause - Affidavits - Exhibits | 1-3 |
| Cross Motion/Affidavits - Exhibits | 4 |
| Replying Affidavits | |

**Cross-Motion: Yes**

      This motion and cross-motion is decided in accordance with the accompanying decision and order.

Dated: November 16, 2007

                                      Jacqueline W. Silbermann
                                      Justice Supreme Court

Check One: ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

MDAI

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY                    PART 50-L
----------------------------------------------------------------X
ELIZABETH MELNITZKY, A.K.A.
ELIZABETH BESOBRASOW,

                          Plaintiff           INDEX # 300220/94

   -against-                              MOTION SEQ. NO. 057
                                           Decision and Order
MICHAEL MELNITZKY,

                        Defendant
----------------------------------------------------------------X

Jacqueline W. Silbermann,     J.:

The Plaintiff, who is the ex-wife in this post-judgment of divorce matrimonial action, moves for: (1) execution against the Defendant's share of the proceeds of an auction of marital property to recover the outstanding balance of $54,138.04 due on a certain money judgment dated August 27, 2004; and (2) for a money judgment in the sum of $45,000 in the Plaintiff's favor, based upon Defendant's failure to return certain items of Plaintiff's personal property to her, with immediate execution thereon against the Defendant's share of the auction proceeds.

Defendant, who appears *pro se*, opposes the motion and cross-moves for a hearing on the issue of fraud and an alleged conspiracy regarding the distribution of certain assets.

This case has a lengthy history which has been set forth in detail in numerous previous decisions which are incorporated herein by reference.

A money judgment was entered in the Plaintiff's favor on August 27, 2004 in the total sum of $176,617.22 (the "2004 Money Judgment"), pursuant to Judge Gische's order dated July 1, 2004. Judge Gische further provided, in the July 1, 2004 order, that,

067

to the extent the money judgment could not be satisfied from certain accounts in the Defendant's name, then the balance due on the money judgment "shall be satisfied from defendant's share of the proceeds from the auction sale by Christie's of the valuables in the safe deposit boxes."

Plaintiff's counsel avers that the auction house forwarded the net proceeds of sale from the auction of the items from the safe deposit boxes to her, pursuant to this court's order of June 7, 2006. She further avers that she is holding in her trust account the sum of $203,037, representing Defendant's one-half share of the net proceeds from the auction. According to Plaintiff's counsel, there is a balance owed under the 2004 Money Judgment of $54,138.04.

The Defendant does not contradict the averments by Plaintiff's counsel regarding the sums owed under the 2004 Money Judgment but, instead, makes the same unsupported, general allegations of fraud by the Plaintiff. Under these circumstances, the Plaintiff is entitled to an immediate execution in the sum of $54,138.04 against the defendant's share of the auction proceeds currently being held in trust by the Plaintiff's attorney, to satisfy the 2004 Money Judgment.

The Plaintiff also seeks a money judgment in the sum of $45,000 representing the penalty that has accrued under this court's order of June 7, 2006, in which the Defendant was directed to return items of Plaintiff's personal property (to wit: a gold coin, furnishings, silver, china, glassware, books, paintings, a gold signet ring, family photographs and a Thomas Jefferson letter) within 10 days of the date of that decision. Defendant also was ordered to pay a penalty to Plaintiff of $100 per day for each day he fails to return that property to her. The personal property has not been returned to

Plaintiff.

The June 7, 2006 Order directed the Defendant to deliver the personal property to Plaintiff within 10 days or be subject to the penalty. The daily penalty accrued from June 17, 2006 through September 18, 2007, the date of Plaintiff's present application, representing a period of 458 days. Therefore, the penalty owed by Defendant to Plaintiff, as of September 18, 2007 was $45,800.

Defendant asserts that Plaintiff removed all of her property from his home in 1997 and has not demanded the return of any items since then. He also suggests that one of the 40 gold coins sold at auction may be the gold coin claimed by Plaintiff to be her undelivered personal property. Defendant further argues that Plaintiff abandoned her personal property when she left them behind 10 years ago, in apparent contradiction of his claim that she removed all of her possessions in 1997. Those arguments are unavailing since Plaintiff has sought the return of those possessions repeatedly in the numerous motions and cross-motions made by her in this action. Defendant offers no legally cognizable justification for his failure to return the items as directed in the order of June 7, 2006. Under these circumstances it is just and appropriate that Plaintiff shall have a money judgment against Defendant in the amount of $45,800, and shall have execution thereon.

The allegations of fraud and conspiracy made in the Defendant's cross-motion, concerning the disposition of the contents of certain safe deposit boxes, have been raised in numerous prior motions by the Defendant and adjudicated against him. *Melnitzky v. Melnitzky*, 284 A.D.2d 240 (1st Dep't 2001); *Melnitzky v. LoPreto*, 777 N.Y.S.2d 304, 2004 N.Y. Slip Op. 04260 (1st Dep't June 1, 2004). The time to reargue,

renew or appeal those claims elapsed years ago. Defendant's unsupported claims of a conspiracy do not rise to a level that would justify a hearing. Therefore, under the circumstances of this case, Defendant's cross-motion is denied.

All matters not decided with specificity herein are hereby denied.

Based upon the forgoing, it is hereby

ORDERED that Plaintiff shall have execution against the sums being held by her attorney in trust for the benefit of Defendant in the sum of $54,138,04, in full satisfaction of the Money Judgment filed in the County Clerk's office on August 27, 2004; and it is further

ORDERED that the Clerk shall enter a personal money judgment in favor of Plaintiff Elizabeth Besobrasow f/k/a Elizabeth Melnitzky, against Defendant Michael Melnitzky, in the sum of Forty-five Thousand Eight Hundred Dollars ($45,800). Upon entry of that personal money judgment, the Plaintiff shall have execution on that money judgment, against the sums being held by her attorney in trust for the Defendant in the sum of $45,800.

This constitutes the decision and order of the Court.

Dated: November /6, 2007

FILED
NOV 28 2007
NEW YORK
COUNTY CLERK'S OFFICE

_____
Jacqueline W. Silbermann
Justice Supreme Court

Check One:    **X** FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

