UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

MICHAEL MELNITZKY,

                    Plaintiff,

       - against –

PAT JONES and JONES AND HORAN AUCTION TEAM,
INC. sued herein as JONES AND HORAN.

               Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

07-CV-7380 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

     The plaintiff, appearing pro se, asserts claims under 42 U.S.C. §§ 1983 and 1985 for violations of his rights to due process and equal protection of the laws arising from court proceedings surrounding his divorce and subsequent executions of state court judgments that included the seizing and selling of certain property ("federal claims").  The plaintiff also alleges state law claims of conversion and those claims include both allegations that the court order seizing and selling the property amounted to theft of the plaintiff's property as well as allegations that the defendants mishandled the plaintiff's property when acting as the selected auctioneer ("state law claims").

      The defendants Pat Jones and Jones and Horan Auction Team, Inc. ("Jones and Horan Gallery") have moved to dismiss all claims brought against them pursuant to Federal Rules of Civil Procedure

- 1 -

12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively, and to enjoin the plaintiff from filing additional suits against these defendants on these issues.  The plaintiff has made a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The plaintiff appears to seek a preliminary injunction enjoining the defendants from selling the property obtained by the plaintiff's former wife.  Because a state court order restricts his access to his safe deposit boxes, see Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *2 n.2  (S.D.N.Y. Apr. 18, 2007), the plaintiff also seeks access to his safe deposit boxes.

I.

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.  See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); Abrahams v. App. Div. of the Sup. Ct., 473 F. Supp. 2d 550 (S.D.N.Y. 2007).

- 2 -

In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts are disputed, the court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56.  Kamen, 791 F.2d at 1011; see also HSBC Bank USA, 2007 WL 1159639, at *5.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor.  McCarthy v.

Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936, 2007 WL 4267190, at *4-5 (S.D.N.Y. Dec. 3, 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly v. Bell Atlantic Corp., 127 S.Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d. Cir. 1991); Cortec

Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d. Cir. 1991).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of both Rules 12(b)(1) and 12(b)(6).  See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002).  Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest."  Pabon v. Wright, 459, F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also HSBC Bank USA, 2007 WL 1159639, at *6.


II.

The following facts are undisputed, unless otherwise noted. Many of these facts have been presented in previous court decisions, including HSBC Bank USA, 2007 WL 1159639, at *1-5.

The plaintiff, Michael Melnitzky, was married in 1984 and divorced in 1998.  During the bitter divorce proceedings, a dispute arose over whether property held in various safe deposit boxes constituted marital assets subject to equitable distribution under New York law.  In Melnitzky v. Melnitzky,

Index No. 300220/94 (Sup. Ct., N.Y. Co.), Justice Walter B. Tolub

ordered that the safe deposit boxes be opened and inventoried.

The plaintiff, found in contempt of a prior court order, was not

permitted to attend the inventory, but was allowed to send a

representative.  See Order of J. Tolub, dated Apr. 15, 1998.

After the inventory of all the boxes was complete, Justice

Tolub conducted a trial and found that much of the property in

the safe deposit boxes was marital property.  The plaintiff

appealed the judgment to the Appellate Division, First

Department, which affirmed the judgment.  See Melnitzky v.

Melnitzky, 726 N.Y.S.2d 649 (App. Div. 2001).

Mr. Melnitzky then brought a series of suits against several

parties connected with the preceding judgment and its execution,

including his ex-wife, her attorney, and the bank that conducted

the inventory.  In these suits, the plaintiff also brought claims

of theft and conversion.  See, e.g., Melnitzky v. LoPreto, 777

N.Y.S.2d 304 (App. Div. 2004); Melnitzky v. Besobrasow, 787

N.Y.S.2d 655 (App. Div. 2005); Melnitzky v. North Fork Savs.

Bank, 794 N.Y.S.2d 13 (App. Div. 2005); Melnitzky v. Apple Bank

for Savs., 797 N.Y.S.2d 470, 471 (App. Div. 2005); Melnitzky v.

HSBC Bank USA, 823 N.Y.S.2d 128 (App. Div. 2006).

In an order dated July 1, 2004, Justice Gische granted the

request of the plaintiff's ex-wife to proceed with the auction

and sale of the contents of the safe deposit boxes.  See HSBC
Bank USA, 2007 WL 1159639, at *3.  The chosen auction house,
Christie's, declined to conduct the auction due to the
plaintiff's alleged interference.  See id., at *4.  On June 7,
2006, Justice Silbermann issued an order that, among other
things, granted the request of the plaintiff's ex-wife to
substitute a new auction house for Christie's.  (See Decision of
Justice Silbermann, dated June 7, 2006 ("6/7/06 Decision of J.
Silbermann"), attached as Ex. A to Compl.)  Because of the
plaintiff's alleged interference, Justice Silbermann ordered the
name of the new auction house to remain sealed.  (See 6/7/06
Decision of J. Silbermann.)  The order granted the plaintiff's
ex-wife and the new auction house permission to proceed with the
auction and sale of the contents of the safe deposit boxes, and
to conduct an inventory of the contents which was to be provided
to the plaintiff.  (See 6/7/06 Decision of J. Silbermann.)  Given
the history of the plaintiff's vexatious litigation, the
plaintiff is subject to an injunction enjoining him from further
litigation in state courts related to his matrimonial action
without prior leave of court.  See HSBC Bank USA, 823 N.Y.S.2d at
128; Apple Bank for Savs., 797 N.Y.S.2d at 471.

     The plaintiff next brought the dispute over the safe deposit
boxes to federal court.  See Melnitzky v. HSBC, No. 06 Civ.

- 7 -

13526, 2007 WL 195239 (S.D.N.Y. Jan. 24, 2007); Melnitzky v. LoPreto, No.06 Civ. 13206, 2006 WL 3500016 (S.D.N.Y. Dec. 4, 2006).  Because Judge Silbermann's June 7, 2006 order maintained that the name of the chosen gallery not be released, the plaintiff named the "John Doe Secret Auction Gallery" and the "John Doe Auction Gallery," respectively as defendants.  (Hauser Aff. ¶7.)  These "John Doe" galleries were the present defendants, Jones and Horan Gallery.  (See Compl. at 3.)  In both federal cases, the plaintiff alleged the same federal causes of action that are currently being asserted, namely, claims asserted pursuant to 42 U.S.C. §§ 1983 and 1985 alleging violations of his rights to due process and equal protection.  See HSBC, 2007 WL 195239, at *1; LoPreto, 2006 WL 3500016, at *1.  The plaintiff also alleged the state claims that are presently asserted, including conversion and theft.  See HSBC Bank USA, 2007 WL 1159639 at *1; LoPreto, 2006 WL 3500016, at *1.

Both federal courts dismissed the federal claims with prejudice.  In the first case, Judge Stein dismissed the plaintiff's federal claims sua sponte, including those alleged against the "John Doe Auction Gallery," on the merits.  LoPreto, 2006 WL 3500016 at *4.  However, Judge Stein did not reach the merits of the plaintiff's state law claims, declining to exercise supplemental jurisdiction over them.  Id.  In the subsequent

case, this Court dismissed the asserted claims citing the principles of res judicata.  HSBC, 2007 WL 195239 at *3 ("Res judicata bars the plaintiff from simply bringing the same defendants before a different judge.").  After dismissing the majority of defendants, including "John Doe Secret Auction Gallery," this Court considered any claims against the remaining defendants.  This Court also declined to exercise supplemental jurisdiction over the state-law claims and dismissed those claims "without prejudice."  HSBC Bank USA, 2007 WL 1159639, at *11.

The plaintiff subsequently discovered the name of the auction house where the property had been placed in accordance with Justice Silbermann's June 7, 2006 order.  (See Compl. at 3.) The present defendants, Jones and Horan Gallery and Pat Jones are, respectively, the auction house and its principal.  (See Compl. at 3.)  The plaintiff now brings this action pursuant to diversity jurisdiction, 28 U.S.C. § 1332, as well as federal question jurisdiction, 28 U.S.C. § 1331.  Diversity jurisdiction is satisfied because both Pat Jones and Jones and Horan Gallery are citizens of the State of New Hampshire, while the plaintiff is a citizen of the State of New York.  See 28 U.S.C. § 1332.

The plaintiff now brings the same federal claims that he had brought in his previous federal court claims, namely claims under 42 U.S.C. §§ 1983 and 1985 for violations of his rights to due

process and equal protection of the laws resulting from state court judgments surrounding his divorce proceedings and their subsequent executions.  See HSBC, 2007 WL 195239, at *1; LoPreto, 2006 WL 3500016, at *1.

The plaintiff also brings state law claims of theft and conversion that include both old and new allegations.  Some of these allegations essentially assert that the execution of state court judgments seizing and selling his property amounted to theft and conversion.  (See Compl. at 5, 7-9.)  These state law claims have already been dismissed by state court judgments. See, e.g., LoPreto, 777 N.Y.S.2d 304; North Fork Savs. Bank, 794 N.Y.S.2d 13; Melnitzky v. Melnitzky, 802 N.Y.S.2d 130; Apple Bank for Savs., 797 N.Y.S.2d at 471; HSBC Bank USA, 823 N.Y.S.2d 128. However, the plaintiff also brings new allegations under the state law claims of theft and conversion.  He asserts that "besides the items being subjected to auction," several items from his safe deposit boxes are missing from the inventories of those boxes and the gallery's sales listings.  (See Compl. at 9.) These allegations are new ones that cannot have been brought in previous state court proceedings because they are alleged to have only occurred after those proceedings.

III.

A.

The defendants argue that the federal claims are barred by res judicata and collateral estoppel based on the prior decisions in this Court dismissing the federal claims against the John Doe Auction Gallery.

i.

Federal law determines the preclusive effect of a federal judgment. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). Res judicata, or claim preclusion, "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (quoting In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985)).

The plaintiff's federal claims are barred by previous decisions of this Court that resulted in final judgments on the merits. See HSBC, 2007 WL 195239, at *4; LoPreto, 2006 WL 3500016, at *3 ("Because there is no allegation that John Doe Auction Gallery is an entity acting under color of state law within the meaning of Section 1983, plaintiff's claims against that defendant must . . . be dismissed."). These cases involved the same parties as the present case. In the prior cases, the

defendants were sued as "John Doe Secret Auction Gallery" and "John Doe Auction Gallery." (Hauser Aff. ¶ 7) The plaintiff acknowledges that these parties are the same.[1] (See Compl. at 3.)

In these cases, the plaintiff also asserted claims under 42 U.S.C. §§ 1983 and 1985 for violations of his rights to due process and equal protection of the laws. As in the present case, the plaintiff was complaining of events surrounding his divorce proceedings from about 1994. Specifically, the plaintiff complained of the state court's finding that certain of the plaintiff's property constituted marital assets, state court orders seizing, selling and dividing that property, his treatment in state court, and the conduct of the auction gallery in selling his property. See HSBC, 2007 WL 195239 at *1; LoPreto, 2006 WL 3500016 at *1. The plaintiff specifically challenged Justice Silbermann's June 7, 2006 order, which allowed the property to be seized by the defendants and sold at auction, and the conduct of the defendants for acting in accordance with that order. See

---

[1] It should be noted that the defendant, Pat Jones, was not a defendant in the previous cases, but is the principal of the auction house sued in those cases. However, the plaintiff refers to both Pat Jones as well as the Jones and Horan Gallery collectively as the "John Doe" auction gallery. (See Compl. at 3) ("[T]he John Doe Gallery is Pat Jones and Jones and Horan Gallery."). It therefore appears that this satisfies the requirement that the cases involve the same parties. Moreover, Pat Jones and the Jones and Horan Gallery are in privity. In any event, to the extent that the defendant, Pat Jones, was not a party to the prior adjudication of the federal claims, the plaintiff would still be barred from proceeding with the federal claims on the grounds of collateral estoppel, for the reasons discussed below.

HSBC, 2007 WL 195239 at *3; LoPreto, 2006 WL 3500016 at *1.  The
current complaint contains substantially the same allegations
challenging the state court judgments under federal law,
specifically, attacks on Justice Silbermann's June 7, 2006 order
and the defendants' seizure and sale of his property in
furtherance of that order.

Therefore, the plaintiff's federal claims are barred by the
doctrine of res judicata and must be dismissed.

ii.

Collateral estoppel, or issue preclusion, applies when: "(1)
the issues in both proceedings are identical, (2) the issue in
the prior proceeding was actually litigated and actually decided,
(3) there was a full and fair opportunity for litigation in the
prior proceeding, and (4) the issues previously litigated were
necessary to support a valid and final judgment on the merits."
Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (internal
quotation marks and citation omitted).

The federal claims are also barred by collateral estoppel.
HSBC, 2007 WL 195239, and LoPreto, 2006 WL 3500016, dealt with
the identical issue presently before the Court, namely whether
the auction gallery could be sued under §§ 1983 and 1985 for
allegedly carrying out state court orders to sell property in
which the plaintiff claimed an interest.  This issue was actually

- 13 -

litigated and decided, there was a full and fair opportunity for litigation, and the issue previously litigated was necessary to support a valid and final judgment on the merits.

### iii.

To the extent that any of the federal claims against the defendants are not barred by res judicata or collateral estoppel, they should be dismissed in any event for the reasons already explained by Judge Stein in dismissing the federal claims against the John Doe Auction Gallery, namely that there is an insufficient allegation that the auction gallery was a state actor.  Carrying out state court orders does not transform a private entity into a state actor.  See LoPreto, 2006 WL 3500016, at *1; see also HSBC Bank USA, 2007 WL 1159639, at *9-10 (dismissing claims under §§ 1983 and 1985 against HSBC for failure to allege the necessary elements for federal claims).

### B.

With respect to the state law claims of theft and conversion, the Court cannot conclude that the claims are completely precluded by either res judicata or collateral estoppel.

The state claims of conversion include not only the previously rejected claims concerning challenges to the court-

ordered seizures of the contents of the safety deposit boxes and
the court-ordered auction of the contents, but also challenges to
the actual auction of the contents.  Claim Four asserts that the
defendants violated their duty as auctioneers by selling watches
"without due diligence and careful inquiry or the ability to
provide good title to the items they were selling from my
collection of assets removed from New York bank safe deposit
boxes."  (Compl. at 20.)  In addition, Claim Five asserts that
the defendants "subjected my assets to theft of numerous items .
. . which are missing from the inventories provided by my
adversaries."  (Compl. at 21.)  The plaintiff lists specific
items from his safe deposit boxes that he alleges are absent from
the inventories of those boxes and the gallery's sales listings.
(See Compl. at 9.)  While these allegations may have been the
subject of prior proceedings in the state court, the defendants
have not thus far placed any such proceedings or orders before
this Court.

The defendants cannot rely on res judicata or collateral
estoppel based on the prior federal court proceedings because the
state law claims were never dismissed with prejudice in federal
court.  The plaintiff brought the state law claims based on
supplemental jurisdiction as grounds for the courts'
jurisdiction.  However, when the courts dismissed the federal

claims, they declined to exercise supplemental jurisdiction over the state law claims. See HSBC Bank USA, 2007 WL 1159639, at *11; LoPreto, 2006 WL 3500016, at *4. Therefore, neither decision reached the merits of the state law claims. See Tasini v. New York Times Co., 184 F. Supp. 2d 350, 360 (S.D.N.Y. 2002) (stating that in declining to exercise supplemental jurisdiction, the dismissal is not on the merits). A dismissal that is not on the merits does not have preclusive effects on a subsequent case. See id.; see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) (noting that "because a dismissal pursuant to Rule 12(b)(1) is not on the merits, it can have no res judicata effect") (emphasis omitted). In the current lawsuit, there is an independent basis for federal jurisdiction over the state law claims based on diversity of citizenship.

The bulk of the plaintiff's state law claims of theft and conversion are barred, at the very least by collateral estoppel, based on the prior state court decisions. A federal court affords the same preclusive effect of a state court decision as would be afforded by the state court. See 28 U.S.C. § 1738; Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996); Schulz v. Williams, 44 F.3d 48, 53 (2d Cir. 1994) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).

Under New York law, collateral estoppel prevents a party from relitigating an issue "(1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate, and where (3) the issue that was raised previously [is] decisive of the present action." Indus. Risk Insurers v. Port Auth. of New York and New Jersey, 493 F.3d 283, 287-88 (2d Cir. 2007) (internal quotation marks omitted) (citing Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003)).

Most of the plaintiff's allegations challenge the state court orders that authorized the seizure of the contents of the safety deposit boxes and the auction of their contents. In these allegations, the plaintiff generally asserts that the sale of his property in accordance with state court orders constituted "unlawful theft and conversion." (See, e.g., Compl. at 5.) However, several state court decisions have already dismissed these very allegations. See, e.g., LoPreto, 777 N.Y.S.2d 304; North Fork Savs. Bank, 794 N.Y.S.2d 13; Melnitzky v. Melnitzky, 802 N.Y.S.2d 130; Apple Bank for Savs., 797 N.Y.S.2d 470; HSBC Bank USA, 823 N.Y.S.2d 128. Under New York law governing collateral estoppel, the plaintiff is precluded from proceeding on the state law claims based on these allegations. However, at this point the Court cannot find that the specific allegations

relating to the alleged misconduct of the auction or the alleged missing items from the sales inventory were the subject of a court order.[2]

Therefore, the Court cannot dismiss Claims Four and Five which assert state law claims which thus far do not appear to have been litigated.[3]

IV.

The plaintiff has made a motion for judgment on the pleadings pursuant to Rule 12(c).

The standards to be applied to a motion pursuant to Rule 12(c) are the same as those applied to a motion pursuant to 12(b)(6), explained above.  See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Katz v. Image Innovations Holdings, Inc., 542 F. Supp. 2d 269, 271-72 (S.D.N.Y. 2008). The plaintiff is only entitled to judgment on the pleadings

---

[2] Because the defendants have not pointed to any specific state court order that considered these allegations, the Court cannot find at this point that this Court is precluded under the Rooker-Feldman doctrine from considering these claims.  In general the Rooker-Feldman doctrine provides that the federal district courts lack subject matter jurisdiction to consider suits that are, in substance, appeals from state court judgments.  See generally, HSBC Bank USA, 2007 WL 1159639, at *7-9.

[3] The defendants allege that there were no missing items and that the only money withheld was money that the state court allowed the attorney for the defendant's former wife to withhold.  (See LoPreto Aff. ¶ 3; Jones Aff. ¶ 4.) The Court could not decide these issues on a motion to dismiss and there is no court order presented to this Court at this point approving the conduct of the auction and finding that there were not missing assets.

"where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Ogilvy Group Sweden, AB v. Tiger Telematics, Inc., No. 05 Civ. 8488, 2006 WL 547785, at *2 (S.D.N.Y. Mar. 7, 2006) (quoting Sellers v. M.V. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)).

In his motion for judgment on the pleadings the plaintiff complains about the state court decisions going back at least to 1998. However, this Court has already ruled that these same state court decisions are not subject to challenge on various bases. See HSBC Bank USA, 2007 WL 1159639, at *7 ("[I]t is apparent that many of the claims asserted . . . seek to have this Court review and reject past adverse judgments of the New York State courts, which this Court is powerless to do under the Rooker-Feldman doctrine."). To the extent that the plaintiff asserts claims against the art gallery and its principal, those claims are very much disputed by the affidavits submitted on behalf of the defendants. There is no basis for judgment on the pleadings in favor of the plaintiff and that motion is **denied**.


V.



- 19 -

The plaintiff also seeks a preliminary injunction enjoining the defendants from selling his property.  However, this application must be denied because the plaintiff has not met the requirements for the issuance of a preliminary injunction.

A party seeking a preliminary injunction must demonstrate:

> (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000).

There is no basis for the plaintiff's motion.  First, there is no likelihood of irreparable injury in the absence of an injunction.  The motion appears to seek an injunction against the art gallery prohibiting it from selling the plaintiff's property.  However, the uncontradicted affidavits indicate that the art gallery has completed its sales and no longer holds any physical property in which the plaintiff allegedly has an interest.  The only remaining assets that the art gallery may possess are the proceeds of the auction which are to be distributed in accordance with the state court orders.  (See LoPreto Aff. ¶ 3; Jones Aff. ¶ 4.)  Thus, there is no

- 20 -

irreparable injury that would be prevented by enjoining the sales that have already occurred.  Second, the plaintiff has also failed to show a likelihood of success because the plaintiff has failed to show that the art gallery mishandled any of the assets entrusted to it.  Third, the plaintiff has failed to show that a balance of the hardships tips decidedly in his favor.

The plaintiff's motion for a preliminary injunction is therefore **denied.**

VI.

The plaintiff also seeks access to his safe deposit boxes. This is not a proper request in this litigation at this time. The only defendants are the art gallery and its principal and they have no interest in the plaintiff's safe deposit boxes and take no position on that motion.  The party with an interest in the safe deposit boxes is the plaintiff's former wife who the plaintiff has not joined in this action.  The state court has also regulated access to the plaintiff's safe deposit boxes and the plaintiff can plainly make any application to the state court.  The plaintiff's application is therefore **denied.**

VII.

The defendants also move to enjoin the plaintiff from filing additional suits against these defendants on this issue. Because the Court has not dismissed all of the plaintiff's claims, the defendants' motion must be **denied** at this time.

CONCLUSION

The Court has carefully considered the remaining arguments and found them to be either moot of without merit.  For the reasons state above, the defendants' motions are **granted in part** and **denied in part**.  The plaintiff's motions for judgment on the pleadings, a preliminary injunction and an application to access his safety deposit boxes are **denied**.  The foregoing constitutes the Court's findings of fact and conclusions of law for purposes of the plaintiff's application for a preliminary injunction. The matter will be referred to the Magistrate Judge for general pre-trial purposes.  The Clerk is directed to close Docket Nos. 8 and 13.

**SO ORDERED.**

Dated:    New York, New York
          August 21, 2008

                                    _____
                                    John G. Koeltl
                                    United States District Judge

- 22 -