UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-24-09
```

MICHAEL MELNITZKY,
                *Plaintiff*,

–against–

PAT JONES and JONES AND HORAN
AUCTION TEAM, INC., sued herein as
JONES AND HORAN,
                *Defendants.*

PATRICIA JONES and JONES AND
HORAN AUCTION TEAM, INC.
                *Third-Party Plaintiffs*,

–against–

VIRGINIA LOPRETO and ELIZABETH
BESOBRASOW,
                *Third-Party Defendants.*

07-CV-07380 (JGK) (HBP)
SCHEDULING ORDER

PITMAN, United States Magistrate Judge.

        A pretrial conference having been held on October 1, 2008, with the consent of the parties, and a status conference having been held on August 5, 2009, likewise with the consent of the parties, it is hereby ORDERED that:

        1.    All disclosure required by Rule 26(a)(1) of the Federal Rules of Civil Procedure that has not already been completed shall be completed not later than September 15, 2009, except that disclosure by the third party who has been served and appeared is and shall remain stayed pending resolution of her motion to dismiss and further Order of the Court;

        2.    The third-party defendant's time to answer the complaint and move to add any additional parties is stayed pending resolution of her motion to dismiss and further Order of the Court;

3. Plaintiff shall produce upon the defendants and third party defendant all materials required by Rule 26(a)(2) of the Federal Rules of Civil Procedure and not previously produced on or before September 15, 2009;

4. Defendants shall produce all materials required by Fed. R. Civ. P. 26(a)(2) and not previously produced not later than September 15, 2009;

5. Dispositive motions, if any, shall be served and filed not later than May 1, 2010;

6. The parties shall report for a settlement conference on April 7, 2010 at 10:00 A.M. in Courtroom 18A of the United States Courthouse, 500 Pearl Street, New York, New York 10007. A copy of the Court's procedures for settlement conferences accompanies this Order.

7. The Pretrial Order, in the form required by Judge Koeltl's rules, along with all other pretrial submissions required by Judge Koeltl, shall be filed on June 30, 2010 or 30 days after the decision on any dispositive motion (other than the third-party motion to dismiss) if the action survives any such motion, whichever date is later. Plaintiff shall serve a draft of his portion of the Pretrial Order on counsel for all defendants remaining in the action not later than 15 days prior to the due date of the Pretrial Order. For the convenience of all parties, a copy of Judge Koeltl's rules is available on the Court's website, www.nysd.uscourts.gov.

Dated:   New York, NY
         August 20, 2009

SO ORDERED:

_____
Henry Pitman, United States Magistrate Judge

Copies mailed:

Michael Melnitzky
322 East 77th Street
New York, NY 10021

Michele Hauser
1040 Avenue of the Americas–Suite 1101
New York, NY 10018
McManus, Collura & Richter, P.C.
48 Wall Street
New York, NY 10005

```
                                                DANIEL M. ORTIZ
                                                COURTROOM DEPUTY
                                                (212) 805-6112
```

**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation

expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6.  The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.  If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.  Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.  Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96