```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
MICHAEL MELNITZKY,

                    Plaintiff,              07 Civ. 7380 (JGK)

          - against -                       MEMORANDUM OPINION AND
                                            ORDER
PAT JONES, ET AL.,

                    Defendants.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The third part defendant Virginia LoPreto ("LoPreto") moves to dismiss the third party complaint brought by Patricia Jones and Horan Auction Team (the "third party plaintiffs") against LoPreto and Elizabeth Besobrasow (the "third party defendants"). The third party complaint seeks contribution and indemnity for any liability the third party plaintiffs may have to the plaintiff, Michael Melnitzky.

The complaint in this action alleged a variety of claims, most of which the Court has already dismissed for various reasons. The plaintiff was engaged in a long running series of actions with Elizabeth Besobrasow, his former wife, and his former wife's attorney, Virginia LoPreto. Many of the plaintiff's claims are now barred by the fact that they were adjudicated by the state courts against him. However, the plaintiff has alleged a narrow claim that the parties have not demonstrated was decided by the state courts, although the Court

has invited the parties to demonstrate that the claim was adjudicated by the state courts. See Melnitzky v. Jones, No. 07 Civ. 7380, 2008 WL 3884361, at *7 & n.3 (S.D.N.Y. Aug. 21, 2008). That claim arises from the allegation that the third party defendants converted the plaintiff's property by their conduct of the auction that disposed of property that came from the safe deposit boxes that the plaintiff had previously controlled. The complaint alleged that the third party plaintiffs stole some of the property and failed to sell the property in a reasonable manner. It is undoubtedly true that many of the events leading up to the actual sale of the property, including the numerous interactions of the parties, have been passed upon by the state courts and decided against the plaintiff. However, the defendants and third party plaintiffs failed to show that this narrow class of claims was precluded by prior decisions of the state court.

The third party defendants now claim that the third party complaint should be dismissed because there is no viable claim for contribution, but there are sufficient allegations of joint participation in the alleged wrongful conduct to sustain a claim for contribution. See N.Y. C.P.L.R. § 1401 ("two or more persons who are subject to liability for damages for the same damages . . . may claim contribution"); Mathis v. United Homes, LLC, 607 F. Supp. 2d 411, 429 (E.D.N.Y. 2009) (contribution

2

claim "only requires that there be two or more persons who are subject to liability") (internal quotation marks omitted).

The third party defendants also claim that there can be no claim for indemnity because it could not be that the third party defendants are solely responsible for the loss. However, the New York state courts have acknowledged that the person employing an auction house can be liable for a claim for indemnity from the auction house. See, e.g., Parker v. P & N Recovery of New York, Inc., 697 N.Y.S.2d 462, 467 (N.Y. Civ. Ct. 1999).

The third party defendants also claim that the third party complaint should be dismissed because the underlying complaint should be dismissed because it is barred by res judicata and the Rooker-Feldman doctrine. However, the Court has already rejected these arguments previously and the third party defendants have not shown why the specific claims that the Court has allowed to survive are barred by res judicata, collateral estoppel or the Rooker-Feldman doctrine. See Melnitzky, 2008 WL 3884361, at *7. The plaintiff has opposed the motion to dismiss and does not help his case by referring to events which have in fact been decided against him in the state courts. However, there are sufficient claims that survive, despite the plaintiff's efforts to resurrect claims that do not survive.

## CONCLUSION

The motion to dismiss the third party complaint is **denied**. The Clerk is directed to close Docket No. 48.

**SO ORDERED.**

Dated:   New York, New York
         November 13, 2009

　　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　　United States District Judge